MRS. JANE COWAND, Wife of Akin, *v.* MRS. JOSEPHINE PULLEY, Widow Cowand.

Article 126 of the Civil Code which provides, that if the husband refuses to empower his wife to appear in court the judge may give such authority, must be construed with reference to those articles of the Code of Practice which declare in what cases a married woman may sue and be sued.

The general rule is, that a married woman cannot sue or be sued. Where, therefore, a married woman brings an action, she must show, by proper averments, that she is within the exception to the rule.

Article 107 of the Code of Practice, must be taken in the restricted sense which results from the French text.

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J. *G. W. Christy*, for plaintiff. *L. C. & G. B. Duncan*, for defendant and appellant.

BUCHANAN, J. This is a suit instituted by a married woman with the authorization of the Fourth District Court of New Orleans, her husband having refused to empower his wife to appear in court and institute the same.

The defendant pleaded several exceptions, which were overruled; and judgment being rendered against her on the merits for the amount claimed, she has appealed.

The first exception of defendant is as follows: "That plaintiff is a married woman, and hath averred no facts in her petition, which in law authorize her to stand in judgment without the aid of her husband."

The suit is instituted upon a due bill, dated New Orleans, April 8th, 1848, made by *Akin & Cowand*, in favor of *Mrs. Jane Akin* or order, on demand, for the sum of four hundred and sixty-four dollars and twenty cents, for value received in borrowed money. The petition alleges that this due bill was given to plaintiff by her husband and one *Joseph O. Cowand*, who were associated together in business; that it has not been paid, notwithstanding repeated demands of payment made of the drawers and also of the defendant, (who is the widow of *Cowand*, one of the drawers,) since the death of her husband.

Upon the face of this petition, there is certainly no showing of a separate title in the plaintiff to the due bill sued on. It appears to be an obligation for the payment of money, in her favor indeed, but created during her marriage, and therefore, *primâ facie*, the property of the community. C. C. 2371. The due bill professes to be given for borrowed money; but there is no allegation in the petition that the money borrowed was the separate estate of the plaintiff. The plaintiff relies upon the article 126 of the Civil Code, which provides, that if the husband refuse to empower his wife to appear in court, the judge may give such authority. But this article must be construed with reference to those articles of the Code of Practice, which declare in what cases a married

·woman may sue, or be sued. For those cases are exceptional, the general rule being, that a married woman cannot sue or be sued. But when the exceptional case arises, the disqualification disappears; the appearance of the married woman in court becomes essential, and should the husband refuse his authorization, the 126th Article of the Code allows her to appeal from his refusal to the tribunals of the country. Whether this may be done *ex parte*, whether the wife may legally obtain the order of court without notice to her husband, as has been done in the present instance, we do not consider it necessary now to decide, although this point is raised by another exception filed by defendant—for the reason, thàt we do not think the case of the plaintiff, as set forth in her petition, is one of those in which our law allows a married woman to sue.

The Code of Practice, Article 107, declares, that all personal actions of the wife are under the control of the husband; and, therefore, that husbands may sue in their own name for the recovery of debts due to their wives, *these being under their administration*. It is true that this court, in the case of *Dugat* v. *Markham*, gave a restricted sense to the last clause of this article, italicised above, in accordance with the French text, which is as follows: *qui tombent sous leur administration*. Judge Matthews says: "According to the whole context of this article, we think that it relates solely to those claims and rights of action belonging to a wife, of which the husband has the sole management, arising either out of matters appertaining to the dotal or paraphernal property which he administers, either by express or tacit consent on her part. In situations where separation of goods exists, as in the present, the fair presumption is, that each one of the married persons administers his or her separate property." We concur with our predecessors, that the Article 107 should be taken in the restricted sense which results from the French text.

It is a matter of notoriety in the profession, and has been frequently recognized by this court, that the Code of Practice was originally written in French, by the learned jurists charged with its compilation, and that the English translation was very negligently executed; the consequence of which has been many gross faults of translation, and perversions of the meaning of the legislator, in the English text.

The case of *Dugat* v. *Markham* may be considered then, as having established the doctrine, that the husband has not the control of the personal actions of his wife, when he has not the administration of her property. In that particular case, the petition set forth the marriage contract, by which it was expressly stipulated that no community of goods should exist; that each spouse should administer his or her own effects, separately and independently of the other; and that the wife, in consideration of her having the sole administration of her property, was to support the entire charges of matrimony. There are no similar allegations in the pleadings in the present case, to sustain the claim of the plaintiff to maintain in her own name, a suit for the collection of a debt contracted during marriage. This is considered by us a radical vice in the proceedings, and we conclude, that the District Court erred in overruling the first exception of defendant.

Judgment reversed and judgment of nonsuit; plaintiff to pay costs in both courts.