### NICHOLAS AND JANE BARTON *v.* THOMAS KAVANAUGH.

An appeal will not be dismissed, in a case where the Clerk has notice that citations are necessary, by the filing of the petition of appeal but fails to issue them. It is not indispensible that the petition of appeal should contain a prayer for a citation to the appellees.

The husband has under his control personal actions to which his wife is entitled, but the joinder of the wife in the suit does not destroy the action.

In an action for damages for a malicious arrest, the following instructions to the jury were asked by the defendant: "That the plaintiff must not only prove malice, but must also show that there was no probable cause for the prosecution, and that the defendant is not bound to prove probable cause until the plaintiff has shown the absence of it, and that if the plaintiff show malice and not the want of probable cause, the defendant cannot be condemned, as it is just as necessary to show the want of probable cause as it is malice, before a recovery can be had. *Held:* that the charge asked for was proper, and should have been given to the jury.

Where a person maliciously and without probable cause procures the arrest of another, the error of the magistrate in ordering the arrest on an affidavit which charged no act or offence punishable by law, will not absolve the party procuring the arrest.

The court did not err in declining to instruct the jury that the mere belief of the affiant in the truth of the charges would exonerate him, but it would have been proper to instruct the jury that "probable cause does not depend upon the actual state of the case in point of fact, but upon the *honest and reasonable belief* of the party prosecuting.

Evidence of malice on the part of the defendant towards other persons than the complaining parties is inadmissible.

APPEAL from the Second District Court of New Orleans, *Morgan,* J. *W. Piles & Wooldridge,* for plaintiff. *J. J. Lugenbühl* and *C. Redmond,* for defendant and appellant.

On the motion to dismiss the appeal:

LEA, J. The plaintiffs have moved to dismiss the appeal taken in this case, on the grounds :

1st. That they have not been cited to answer the appeal.

2d. That the evidence adduced on the trial was not reduced to writing, and no statement of facts accompanies the record.

3d. That there being no statement of facts, the court cannot, under the circumstances, determine whether the District Judge erred in the instructions and rulings embraced in the bills of exceptions.

The order of appeal was granted upon a petition filed for that purpose which, however, contains no prayer for citation to the appellees. The appellees not having been cited, contend that the omission is fatal, as being, under the circumstances, attributable to the fault of the appellant. It was not indispensible that the petition of appeal should contain a prayer for a citation to the appellees. The husband and wife joined in the suit as plaintiffs, uniting in a common demand; the Clerk could not have been at a loss to know to whom citations should issue. There are undoubtedly cases in which it is the duty of the appellant to designate to the Clerk the names of those who are to be cited, and where this has been omitted through the fault of the appellant, the appeal will, on motion to that effect, properly made after due notice given, be dismissed.

But we think the appellant is not in fault for not designating the appellees, about whom there could be no mistake, in a case where the Clerk has notice that citations are necessary *by the filing of the petition of appeal.* See *Ludeling* v. *Frellsen,* 4 An. 534; *Broussard* v. *Broussard,* 2 An 769.

As respects the other points urged in support of the motion to dismiss, it may be sufficient to remark, that though the case cannot be examined upon its merits, there is nothing to prevent the court from examining and deciding the questions of law presented by the bills of exceptions taken in the course of the trial.

It is ordered that the rule be dismissed.

On the merits:

SPOFFORD, J. The defendant has appealed from a judgment awarding damages against him for the malicious arrest of *Jane Barton,* wife of *Nicholas Barton.*

The suit is brought in the name of both spouses, and the defendant excepted to this joinder of parties.

The husband, perhaps, had the right to sue alone for reparation; C. P. 107; *Holmes* v. *Holmes,* 9 L. 350. But we do not think that the joinder of the wife in the suit destroys the action. It may be disregarded, as surplusage.

The counsel for the defendant asked the court to charge the jury as follows: " That the plaintiff must not only prove malice, but must also show that there was no probable cause for the prosecution, and that the defendant is not bound to prove probable cause until the plaintiff has shown the absence of it; and that if plaintiff show malice and not the want of probable cause, defendant cannot be condemned, as it is just as necessary to show the want of probable cause as it is malice, before a recovery can be had;" which instructions the court declined to give, and the defendant excepted.

These instructions were appropriate to the case as charged in the petition, and are correct in law. It was, therefore, error in the Judge to refuse to give them. He has assigned no reasons for the refusal. If he had already given them in substance, it should have been so stated in the bill. A suggestion of counsel for the appellee cannot eke out the record. " To maintain an action for this injury the plaintiff must prove: 1st, that he has been prosecuted by the defendant, either criminally or in a civil suit, and that the prosecution is at an end; 2d, that it was instituted maliciously, and without probable cause;

BARTON
*v.*
KAVANAUGH.

3d, that he has thereby sustained damage." 2 Greenleaf Ev., § 449. "The plaintiff must show that the prosecution was instituted *maliciously, and without probable cause ;* and both these must concur. If it were malicious and unfounded, but there was probable cause for the prosecution, this action cannot be maintained. The question of malice is for the jury; and to sustain this averment the charge must be shown to have been *wilfully false.* In a legal sense, any unlawful act, done wilfully and purposely to the injury of another, is, as against that person, malicious." 2 Greenleaf Ev. § 453.

We also think that the Judge might with equal propriety have instructed the jury, as requested, that the affidavit of the defendant did not charge *Mrs. Barton* with an act or offence punishable by the laws of this State, and that the magistrate erred in ordering her to be arrested thereupon ; but the Judge should add, that if they found that the defendant nevertheless had maliciously, and without probable cause procured her to be arrested, the error of the magistrate would not absolve the defendant. For it is not material though the plaintiff was prosecuted by an insufficient process, or before a court without jurisdiction.

The court did not err in declining to instruct the jury that the mere belief of the affiant in the truth of his charges would exonerate him ; but it would be proper to instruct them that "probable cause does not depend upon the actual state of the case, in point of fact, but upon the *honest and reasonable belief* of the party prosecuting." 2 Greenleaf Ev. § 455.

It is true, as contended for by the appellee's counsel, that "malice *may* be inferred by the jury from the want of probable cause." But the jury are not bound so to infer malice.

The court should not receive evidence of malice on the part of the defendant towards other persons than the complaining parties.

It is, therefore, ordered, that the judgment of the District Court be avoided, the verdict of the jury set aside, and the cause remanded for a new trial according to law and to the principles announced in this opinion, the costs of this appeal to be borne by the plaintiffs and appellees.