## M. A. B. CADE et al. *v.* A. J. REDDITT.

In a civil action for damages on account of libellous and slanderous charges, the defendant is allowed to plead in justification the truth of the slanderous, defamatory or libellous words or matter; but if a party is instrumental in giving credence to a report of such a nature, he cannot screen himself by proof that there was such a rumor or report, or that the charges originated elsewhere. All persons concerned in the publication are guilty to the same extent.

A married woman may sue for damages arising *ex delicto*, where her husband is a party to the suit.

APPEAL from the District Court of the Parish of Caldwell, *Mayo*, J. *Barry & Crawford*, for plaintiff and appellant. *McGuire & Ray*, for defendant.

VOORHIES, J. The plaintiff, a married woman, claims of the defendant the sum of $10,000, being for damages occasioned by the latter's alleged libellous and slanderous charges.

The defence is the general denial, as regards all the charges, excepting one, the truth of which is specially pleaded.

The allegations in the petition are, that the defendant has maliciously defamed the plaintiff, by preferring the following accusations, to-wit: that she was an unchaste woman, and had committed adultery with several persons; that she had criminally destroyed two of her children, and would doubtless destroy the remaining one; that she had hired and instigated a third person to assassinate the defendant, and set fire to his premises; and lastly, that she had been advertised in some public paper as a disreputable person.

With regard to the last charge, the truth of which is pleaded as a defence, it appears that there had been such a publication; but, as the defendant gave it currency, adding that the plaintiff had been served right, it is difficult to see in what lies his justification. The statute, in civil causes, allows the defendant to plead in justification the truth of the slanderous, defamatory, or libellous words or matter; but if a party is instrumental in giving credence to a report of such a nature, it is idle for him to attempt to screen himself by proof that there was such a rumor or report, or that the charge originated elsewhere. All persons concerned in the publication are guilty to the same extent.

The defendant did not plead the truth of the other defamatory accusation, but relies on the general issue.

As it is proved beyond a doubt, that the defendant did accuse the plaintiff of instigating and hiring some one to commit the crimes of murder and arson, we will for the present dismiss this branch of the subject.

The evidence shows satisfactorily, that the plaintiff's reputation for chastity was assailed by the defendant; and although the latter, in his brief, argues to the contrary, the matter is demonstrated by the course which he pursued in the court below. He labored to prove that her reputation in the community was that of an unchaste woman; but, failing in that respect, he succeded in proving that there had been unfavorable rumors to that effect, and that she had a violent temper.

The preferment, by defendant, of the charge of unnatural conduct towards her children, the plaintiff has not substantiated: the evidence on this branch of the case is too loose and unreliable.

Under the pleadings and the evidence introduced by the parties, the plaintiff has made out a case. She is clearly entitled to damages for the defamation of her character; and we will remand this case for the purpose of having these damages assessed by the jury.

The defendant's objection to the right of the plaintiff, a married woman, to sue for damages arising *ex delicto*, is of no weight presently, from the fact that her husband is a party to this suit.

It is, therefore, ordered and decreed, that the verdict of the jury and judgment of the District Court be avoided and reversed; and it is further decreed, that this cause be remanded for further proceedings, according to the instructions given in the foregoing opinions; the defendant paying the costs of appeal.