No. 2245.—GEORGE STEWART *v.* JANE C. BOYLE, wife of J. A. ROBINSON.

The husband who joins with and authorizes the wife to execute a mortgage on her paraphernal property for the purpose of improving it, can not afterward, when the mortgage is sought to be enforced, set up by way of defense, that the property mortgaged was community property, and the wife was without the power or authority to encumber it. Having signed the mortgage himself, he can not be permitted to deny or gainsay his own solemn act.

In a suit by executory process to foreclose a mortgage executed by the wife, on her separate property with the authorization of her husband, the authorization of the wife by the husband to defend the proceedings is not necessary.

APPEAL from the District Court, parish of Jefferson. *Pardee, J. B. O. Elliott,* for plaintiff and appellee. *R. King Cutler,* for defendants and appellants.

HOWELL, J. On the twelfth of March, 1867, Mrs. Robinson, specially authorized and assisted by her husband, presented a petition to the judge of the district court for the parish of Jefferson, alleging that she had contracted with the plaintiff, George Stewart, to erect a residence on two certain lots in Carrollton, her separate property, and obtained an order authorizing her to grant a mortgage on her said paraphernal property to secure the payment of the sum of $2,200, amount of the said improvements, according to the act of 1855 on this subject. In pursuance whereof and duly aided and authorized by her said husband, she appeared with him before a notary public and executed a mortgage on her said property to secure the payment of two notes, one for $1,276 90 and the other for $900, representing the amount she owed the plaintiff, who obtained an order of seizure and sale on the note for $1,276 90, and caused notice to be served on Mrs. Robinson; whereupon the husband and wife, jointly and individually, as alleged by them, enjoined the sale on many grounds, only two of which are urged before us, to wit: That the property mortgaged by the wife was acquired during marriage and belonged to the community, there being no separation of property between the spouses, and hence the wife was without legal authority to encumber it, and that the wife was not authorized by her husband or the judge to defend the executory proceedings.

*First*—As the husband authorized and aided his wife to represent and mortgage the property in question, as her separate paraphernal property, he is concluded from denying it as to the parties to the act of mortgage, which is signed by him. This is an action not to protect the wife's property, but that of the community which the husband authorized the wife to treat as her property and encumber it with a debt in order to improve it, and he can not deny his own solemn act.

*Second*—There was no necessity for any authorization from the judge to defend the executory process. He had already given her authority to bind herself and execute an act importing a confession of judgment as a former sale, and all that was required was the notice which was served. There is no force in the other grounds for an injunction.

Judgment affirmed.