## MEYERSON *v.* ALTER.[*]

*(Circuit Court, E. D. Louisiana.   January, 1882.)*

MALICIOUS PROSECUTION—MARRIED WOMEN.

> A suit for damages for the malicious prosecution of a married woman must be brought by her husband. Louisiana Code of Practice, art. 107; Louisiana Civil Code, art. 2404.

*Henry J. Lovy* and *E. B. Kruttschnidt*, for plaintiff.

*A. G. Brice*, for defendant.

BILLINGS, D. J.   This is a suit brought by a wife to recover damages for a malicious prosecution. Her husband has subsequently authorized her bringing the suit, but comes "solely to assist her in prosecuting this suit, and as husband does not claim any share in said damages, but joins her to claim the same in her behalf." The exception interposed by the defendant is that this action must be brought by the husband. It is evident that if the exception be well taken it has not been cured by the paper filed by the husband. So far as the right in law on the part of his wife to maintain the suit, he leaves the matter where he finds it. He does not even do anything which would make him liable for costs. He simply assents that she carry on the suit herself in her own behalf.

*Reported by Joseph P. Hornor, Esq., of the New Orleans bar.

The textual provisions of the law on this subject are found in the Code of Practice, art. 107, and Civil Code, art. 2404. A series of decisions by the supreme court of Louisana have construed these provisions to mean that where it does not appear that the wife is administering her own property, actions of this sort must be brought by the husband. The mere joinder of the wife has been treated as surplusage. But no case has held that the mere assent of the husband is sufficient. The action must be brought by the husband. *Holmes* v. *Holmes,* 9 La. 350; *Cowand* v. *Pulley,* 9 La. Ann. 12; *Barton* v. *Kavanaugh,* 12 La. Ann. 332; *Cooper* v. *Cappel,* 29 La. Ann. 213. This would be the law if the marriage had been contracted and the domicile of the parties to the marriage had been within this state. Civil Code, art. 2400, subjects "non-resident married persons" to the same provisions of law "as regulate the community of acquests and gains between citizens of this state," so far as relates to "all property acquired in this state." It is not necessary to give any technical meaning to the word "property" as used by the legislature. The object of the legislature, namely, to subject non-residents who acquire rights within this state to the same rules as those which govern resident citizens, is manifest, and leaves no doubt but that the word "property" included not only land and chattels, real and personal, but also all choses in action.

The exception must be maintained.