Holzab vs. Railroad Company et al.

## No. 9541.

### LEON HOLZAB VS. NEW ORLEANS & CARROLLTON RAILROAD COMPANY ET AL.

| | |
|---|---|
| 38 | 185 |
| 47 | 1396 |
| 38 | 185 |
| 48 | 459 |
| 38 | 185 |
| 104 | 498 |
| 38 | 185 |
| 110 | 725 |
| 110 | 823 |
| 38 | 185 |
| 112 | 417 |
| 38 | 185 |
| 116 | 498 |

The joinder of an action against one defendant for damages for breach of contract with an action against another defendant for damages resulting from a tort, is not good ground of exception where the defendants have been allowed to sever in their defence and separate trials have been had even if it be objectionable where there has been no severance.

It is not mis-joinder for a plaintiff husband to sue in his own name for money expended for his wife's illness caused by an injury to her, and for damages for her sufferings caused by that injury, since these damages fall into the community of which he is the head and master.

The doctrine that a passenger in a public conveyance is in some way identified with the owner or driver of it so that he cannot recover of the owner of another public conveyance for injuries caused by a collision of the two, when he has exercised no control over the conduct of the driver of the vehicle in which he is riding, is unjust, illogical and indefensible.

The correct rule is that where one is riding in a public conveyance and has exercised and can exercise no control over the driver of it, and a collision occurs between it and another public conveyance, caused by the joint negligence of the drivers or managers of the two vehicles, the passenger is not identified with the driver of the vehicle in which he is riding and is not prevented from recovering of the owner of the other vehicle damages for injuries sustained by the collision.

Contributory negligence will not avail as a defence when the act charged to be such negligence was the result of tremor and excitement produced by the defendant's misconduct.

Damages cannot be increased in favor of the appellee if he fails to answer the appeal and pray therein for such increase. A request for increase in the brief will not suffice.

The rule is inexorable that when the judgment has given the appellee interest to which he is not entitled and the judgment is amended by disallowing it in favor of the appellant, the costs of appeal must be borne by the appellee.

APPEAL from the Civil District Court for the Parish of Orleans. *Tissot*, J.

---

*Henry P. Dart* for Plaintiff and Appellee:

I.

When a passenger in a street car is injured by a collision between that car and a steam railway train, she has an action against both to recover the damages.

In such case, she must prove her own care and non-contribution to the accident, and the negligence of either or both defendants; the contributory negligence of her train, will not affect her however. 71 N. Y. 288; 19 Id. 351; 36 N. J. 225; 2 Metc. (Ky.) 119; 9 Bush. 728; Shearm and Rdf. Neg. 48; Whart. Neg. § 395; Thom. Carriers, 281. Also, 105 Ill. 364; S. C. 44 Am. Reps 791; 46 Mich. 596; S. C. 41 Am. Rep. 178; 36 Ohio St. 86; S. C. 38 Am. Rep. 558; 20 Rep. 598, and Thompkins vs. Clay, St. R. R, 4 Pacific Reporter, 1166, (Sup. Ct. Cal., 1884); 24 American Law Register, 707, (Nov. 1885).

II.

Where an injury is caused primarily by defendant's violation of a city ordinance, the question of negligence is involved in the greater issue of violation of law and an absolute responsibility for the injury is thereby created, if there be the least negligence on defendant's part. Hays vs. Michigan, C. R. R., 111 U. S., 228; McCloughry vs. Finney,

Holzab vs. Railroad Company et al.

37 Ann. 31; where a train has been stopping on the street notice must' be given the passers by before moving the train. 51 N. Y. 544; 50 Mo. 467; 23 N. W. Rep. 67; 63 N. Y. 530; Whart. Neg. § 393 and 805.

*Bayne & Denègre* and *Farrar & Simonds* for Defendants and Appellants:

The exception of misjoinder should have been maintained. The action against the Carrollton Railroad Company was *ex contractu*, and against the defendant *ex delicto*. Chitty on Pleading, Vol. 1, p. 97; C. P. 29, 30, 31, 149 and 152; 14 Ann. Rep. 181; 17 La. Rep. 419; 9 Martin Rep. 394; 15 Ann. Rep. 310, 502; 24 Ann. Rep. 613.

The judgment is in favor of Leon Holzab personally, and his claim is exclusively for expenses alleged to have been paid by him, and the evidence shows that these do not exceed twenty seven dollars. In his petition he separates his action, and the evidence offered does not sustain the judgment. 33 Ann. Rep. 155; 32 Ann. Rep. 615; 30 Ann. Rep. 15, 31 Ann. Rep. 492; the Reporter, Vols. 19 and 80.

The legislature of the State and the City Council had granted to the railroad company the right to use the street (for moving freight and passengers), for a consideration, and in the interest of the public, and the cars were rightfully on the street detained for a few moments, by a train taking freight near the railroad depot. Under such facts no civil liability accrued to plaintiff. Act of 1870; Ordinance No. 8127; 34 Ann. 974; 10 Cushing, 385; 35 Ann. Rep. 744; 14 Gray, 249; 40 Maryland, 312; 11 Rhode Island, 456; 84 N. Y. 588. 45 Mich. 74; 129 Mass. 310.

The allegations of plaintiff and evidence offered show that the Carrollton railroad was guilty of gross and reckless negligence, and damage if any occurred from that negligence of the carrier, with whom plaintiff was identified, and her own negligence in standing up in the car and jumping out, contributed to the damage if any was sustained, and cannot recover. Thorogood vs. Bryan, 8 Comm. Bench (Court of Common Pleas, 115); Child vs. Hearn, La. Rep. 176; Armstrong vs. Lancashire R. R. Co. 10 Ex. 47; 97 Pa. St 91; 9 Ohio, 484; 15 Ark 118; 34 Ann. Rep. 162 to 180.

When the plaintiff's suit was instituted, he alleged an expected loss of a child which never occurred, and there were no actual damages except for about twenty seven dollars. 11 Ann. Rep. 292; 13 Ann. Rep. 447; 29 Ann. Rep. 792; 33 Ann. Rep. 644; Milwaukee R. R. Co. vs· Arms, 91 U. S. 489.

The judgment gives interest upon damages and should be reversed. 1 Ann. Rep. 382; 3 Ann. 702; 18 Ann. 28.

The opinion of the Court was delivered by

MANNING, J.   The action is for the recovery of five thousand dollars as damages for injuries to the plaintiff's wife caused by a collision of railroad trains, and was instituted against the New Orleans and Carrollton Company alone, but by a supplemental petition the Illinois Central Railroad was made a co-defendant.   Mrs. Holzab was a passenger upon the Carrollton road, one of the numerous tramways of this city, and the collision occurred at the intersection of Baronne and St. Joseph streets, in the middle of which latter street the Illinois Central runs its steam trains.

A train of freight cars of the Illinois Central was standing on the St. Joseph street track divided into two parts, the gap between them

being at the intersection of Baronne of sufficient width to permit the passage of the horse-car of the Carrollton road. The driver of the horse-car, in which Mrs. Holzab was seated, entered the gap and while going through, the freight train was backed and collided with the horse-car. The plaintiff's wife was thrown to the floor and was bruised. She was pregnant. The shock caused an illness that does not seem to have been severe or dangerous, but she was in bed several weeks and confined to her bed-room longer, undergoing medical treatment with considerable suffering and some expense. Abortion did not ensue but her nervous system was deranged temporarily by the shock and her health suffered in consequence.

The two railroads severed in their defence and a trial was had first with the Carrollton Company which resulted in a judgment for the company. The trial now under review is that had with the Illinois Central in which the judge below awarded the plaintiff three hundred dollars as damages. The defendant appeals and, although the plaintiff says in his brief, he has prayed an increase of the judgment there is no answer to the appeal or prayer in any other form for increase of the damages.

An exception was filed of misjoinder in this, that the Illinois Central road was sued for damages for a tort in the same action wherein the Carrollton road was sued for damages resulting from a breach of its contract of safe-carriage, and also a further misjoinder in the character of the action, the plaintiff having sued in his own name for money expended by reason of his wife's illness and as her agent for damages for her sufferings.

In Arrowsmith's case, 17 La. 419, one defendant was sued on a contract and the other on a tort, and they were allowed to sever in their defence as was done in this case. The court cited Sere vs. Armitage, 9 Mart. 394, where it was held that if there be several defendants in an action of trespass and they plead separately, they may have the cause tried separately, but if they go to trial jointly and suffer a verdict to be given against them, they cannot afterwards object to it as error, and then observed there was a much greater connection between trespassers who are sued for the same trespass than that between two defendants, one of whom is sued on a contract and the other for a tort, and the action was maintained.

That does not decide the point now made, but it is apparent the court did not consider the joinder of the action on a contract with one for a tort objectionable, and where severance in defence has been

allowed and there have been separate trials, we do not think the joinder can be complained of even if it could have been without such severance.

On the other branch of the exception, the defendant has no concern with the distribution of the damages between the husband and the wife as the payment of the judgment will discharge the company's liability to both. But besides, the action for the personal wrong to the wife is properly brought in the name of the husband since the damages recovered will fall into the community of which he is the head and master. Cooper vs. Cappel, 29 Ann. 213.

The ordinances of this city impose the duty upon the defendant railroad to station a watchman with a red lantern or signal flag at the intersection of streets upon which cars run at least two minutes before the approach of the trains, and also to ring a bell at intervals while the trains are passing within the limits of the city. They further require that this railway shall use a smokeless dummy on St. Joseph street, and that it must be kept always in front of the train while in motion, and all railroad companies are prohibited from permitting their engines or trains to remain standing upon any street or crossing within the city so as to obstruct crossing in any manner whatsoever, except in so far as may be done by trains in motion.

There was a conspicuous violation of all these ordinances by the defendant. The train was backed by a reverse engine instead of being propelled by a dummy in front, and two freight trains were standing on the street. No bell was rung, and no flagman was stationed at the intersection of the streets. A horse car had passed through the gap two minutes before, so that the train must have started to back within two minutes of the collision. Negligence is thus fastened upon the defendant. Its defence is that if any damage was suffered by the plaintiff's wife, it resulted from the gross carelessness and contributory negligence of the Carrollton road, in whose car she was riding, and that she is identified with the negligent driver or owner of that car and cannot recover.

More elaborately stated, the doctrine is that a party who is a passenger in a public conveyance is in some way identified with those who own or have charge of it and that he can recover of the owner of another public conveyance that has collided with it and injured him only when they who own or have charge of the conveyance in which he is riding can recover, the principle being that their contributory negligence is imputable to him so as to preclude his recovery for any injury when they cannot recover in consequence of this negligence.

The doctrine was first asserted in Thoroughgood vs. Bryan, 8 C. B. 115, decided by the English court of Common Pleas, and while generally followed in that country since, its correctness has been questioned there by high authority. In this country it has been followed by some courts and rejected by others. It is so unjust to attribute to a passenger the negligence of the agents of the company in whose carriage he is riding, so untrue in point of fact that any identity exists between them, and so true that it can only be held to exist by a sort of legal fiction, that it is not surprising there has been a judicial revolt against the doctrine. The only way in which the identification of the passenger with the driver or train conductor can result is by holding the latter to be the servant of the former, but that cannot be, because the passenger has no control over the conductor, and the right to control the conduct of the servant is the foundation of the doctrine that the master is affected by such conduct and is responsible for it. We should reject the doctrine as illogical and unjust, even in the face of authority as high as the English courts, but the question is set at rest for us by a decision just rendered by the United States Supreme Court and published in the February No. 1886, of The Reporter.

The case is Little vs. Hackett. The plaintiff hired a public hackney-coach for a drive to a park, and the vehicle was crossing the railroad track *en route* to the park when it was struck by the engine of a passing train and the plaintiff was injured. The hackney-coach belonged to a livery stable keeper, and was hired at a stand for such coaches near an hotel and was driven by a person in the employ of the liveryman. The evidence shewed that the accident was the result of the concurring negligence of the managers of the train and of the driver of the carriage—of the managers in not giving the usual signals of the approach of the train by ringing a bell and blowing a whistle, and in not having a flagman on duty—of the driver in turning the horses upon the track without proper precautions to ascertain whether the train was coming. The defence was contributory negligence of the driver in driving upon the track under those circumstances, and that his negligence was imputable to the plaintiff under the doctrine of identification as already set out.

The court reviewed all the decisions on that question, beginning with Thoroughgood vs. Bryan, the ruling in which the court said was indefensible, and after marshalling the American cases that followed that decision and those that rejected it, summed up by ruling that one who hires a public hack and directs the driver to convey him to a par-

ticular place but exercises no other control over his conduct, is not responsible for his negligence and is not prevented from recovering from a railroad company for injuries suffered from a collision of its train with the hack, caused by the negligence of the managers of the train and of the driver of the hack.

The case at bar is stronger for the plaintiff than that just narrated. In that case the plaintiff had given directions to the hack driver where to go, and the route to that destination led across the railroad track near the station. There might have been a pretext or a reason for holding that the plaintiff was identified with the driver in consequence of the driver being for the time under his control and compelled to drive whither he should order, and because he actually did order the driver to convey him to a place, to reach which the carriage must cross the railroad track.

In the case at bar the plaintiff's wife was a passenger in a horse-car that ran over a certain track as fixed and immovable as that of a steam train, and she had and could not have had any control over the driver as to her route, nor indeed in any other particular. If the principle of non-identification be correctly applied in Little vs. Hackett, and we have not a doubt that it was correctly applied, *a fortiori* must it control the liability of the defendant in this case. There is no obstacle on that ground to the plaintiff's recovery.

The defendant pleads also personal contributory negligence of Mrs. Holzab, in this, that she rose from her seat when she saw that the collision was imminent, and was in consequence thrown with violence on the floor of the car, whereas if she had remained seated, she would not have been thrown down and would have escaped injury.

The alarm of the woman was caused by the defendant's own act in backing its train in a manner violative of the city ordinances. Her natural and irresistible impulse was to rise from her seat and get out of the car, as she saw the steam train coming down upon it. Her tremor was caused by the defendant's own negligence, and the rule is recognized as established that contributory negligence will not avail as a defence when it was the result of excitement and tremor produced by the defendant's misconduct. Lehman vs. Railroad Co., 37 Ann. 705.

There is really no excuse for the defendant's flagrant contempt of the city ordinances and its disregard of the conditions imposed upon it when the permission was given to use one of the streets of the city for a track. Its own convenience and economy were the moving causes for obtaining such permission, and a due regard for its own obligations

and for the sanctity and safety of human life should induce a more careful observance of the precautions imposed upon it. We are inclined to increase the damages somewhat, but there is no answer to the appeal, and without a prayer for such increase elsewhere than in the brief we cannot do so.

The judgment allows interest upon the damages from judicial demand, and must therefore be amended in favor of the appellant. Interest can run only from the date of the judgment. The plaintiff's counsel earnestly pleads for a relaxation of the rule that mulcts his client in the costs of the appeal, because, he says, the insertion of the interest allowance in the judgment was not his work nor the judge's, but must have been done by the clerk, and that he would have entered a remittitur of the interest had he discovered the mistake. The rule is unbending and we cannot deviate from it.

It is therefore ordered and decreed that the judgment of the lower court is amended by allowing interest from the date of the judgment, and as thus amended it is affirmed, the plaintiff paying the costs of this appeal.

----

ON APPLICATION TO AMEND THE OPINION.

Poché, J. Appellee's counsel call our attention to our refusal to increase the allowance of damages, on the ground, as stated in the opinion, that he had failed to make a timely motion to that end.

Justice to him requires from us the statement that such a motion had been filed in time, and equal justice to ourselves calls for the statement that the motion had not been attached to the transcript, or in any manner placed under our eyes or under our control, but that through inadvertence it had been kept in the clerk's office, where on inspection it was found by counsel after the announcement of our conclusions in the case.

Hence, counsel is and has been all through this appeal right on the record, and therefore the references to his failure to file a timely motion for an amendment of the judgment appealed from must be stricken out of the opinion, and are to be considered as unwritten.

Counsel of both parties now jointly inform the court that they have amicably arranged the question of the quantum of damages, hence our decree will remain undisturbed.

It is therefore ordered that the two references in the opinion to the failure of appellee to pray for an amendment of the judgment of the lower court be stricken out of the opinion, and that as thus amended said opinion and the decree predicated thereon remain in full force.

Opinion amended.