(80 South. 212)

No. 23078.

MALMORE v. MARTINEZ.

(Nov. 4, 1918. Rehearing Denied Dec. 2, 1918.)

*(Syllabus by Editorial Staff.)*

1. HUSBAND AND WIFE ⬅238(6)—ACTION BY HUSBAND AND WIFE—EFFECT OF JUDGMENT.

In a married woman's suit to recover damages for the seizure and sale of her property and by her husband to aid and assist her, any judgment rendered therein would be binding upon husband as well as upon wife.

2. LANDLORD AND TENANT ⬅274(3)—WRONGFUL DISTRESS—LIABILITY.

Where a landlord, on a tenant's failure to pay rent, seized all the contents of the premises, and against objection of a subtenant held her sewing machine and furniture on unfounded ground that she was in league with tenant, her brother, the subtenant was clearly entitled to compensation for the injury sustained.

Appeal from Civil District Court, Parish of Orleans; Porter Parker, Judge.

Suit by Corinne Malmore, and by her husband, J. Malmore, against J. P. Martinez. Judgment for plaintiff, and defendant appeals, and plaintiff answering prays for an increase of the judgment. Judgment increased and as amended affirmed.

Jose A. Morales, of New Orleans, for appellant.

Woodville & Woodville, of New Orleans, for appellee.

LECHE, J. Defendant, having leased a residence to one Desvignes, who failed to pay rent, caused a writ of provisional seizure to issue and seized all the contents of the house. Plaintiff, a subtenant under Desvignes, to whom she had paid her rent, claiming to be the owner of furniture and sewing machines included in the seizure and worth some $230 according to her testimony, made demand, accompanied with a sworn statement as required by Act No. 37 of 1882, upon the constable for the release of her property from seizure; but defendant refused to comply with her request and furnished an indemnity bond in favor of the constable. Unable to furnish bond in order to enjoin the sale, plaintiff was compelled to let her property be sold by the constable, and she instituted the present suit to recover compensatory damages in the sum of $2,600.

The judgment of the district court was rendered in favor of plaintiff for $250. Defendant appealed, and plaintiff answered by praying for an increase of the judgment as originally prayed for in her petition.

[1] This suit was brought by Corinne Malmore and by her husband, James Malmore, to aid, authorize, and assist her, and therefore all questions relating to her authority to sue, and to the nature of the ownership of the property upon which the present demand is founded, may be eliminated from discussion. Any judgment which may be rendered herein will be binding upon James Malmore as well as upon his wife.

[2] Plaintiff owned furniture and two sewing machines. She was a seamstress, and these machines were necessary tools by which she earned her living. She was a subtenant of Desvignes, occupied the upper portion of defendant's house, and had paid her rent to Desvignes in full up to the time the provisional seizure was obtained and executed by defendant. All her furniture as well as her sewing machines were wrested from her by the seizure. She took such steps as were within her power to relieve her situation, and even offered defendant $35, as a compromise, to obtain the release of her property.

These facts are undisputed. Defendant, however, suspecting that plaintiff was in league with Desvignes in order to defeat his claim for rent, was unyielding and insisted on prosecuting what he conceived to be his rights. He obtained a judgment against Desvignes upon his claim for rent and proceeded to sell plaintiff's property and to take the proceeds thereof in satisfaction of his judgment.

Plaintiff is a sister of Desvignes and lived in the house with him. This may have led defendant to believe that she was conspiring with Desvignes to defraud him of his rent. The record, however, fails entirely to establish the existence of any fraud or deceit on the part of plaintiff or to verify defendant's suspicions. Plaintiff is therefore clearly entitled to compensation for the injury which she has sustained. We believe that an award of $500 would be just and fair.

For these reasons, it is ordered that the judgment appealed from be increased from $250 to $500, and as thus amended that it be affirmed at the cost of defendant and appellant.

O'NIELL, J., takes no part, not having heard the argument.

PROVOSTY, J., absent on account of illness, takes no part.