'(102 So. 497)

No. 26915.

## MITCHELL v. DIXIE ICE CO., Inc.

### In re DIXIE ICE CO., Inc.

(Dec. 1, 1924. Rehearing Denied Jan. 5, 1925.)

*(Syllabus by Editorial Staff.)*

1. **Husband and wife ⬥270(1)—Wife cannot recover judgment alone for injuries to community property or business.**

   Under Code Prac. art. 107, all actions for damages to community property or business must be prosecuted by husband in his name as head of community (Civ. Code, art. 2404), and judgment for wife alone must be reversed, though property was purchased in her name and husband joined in suit to aid and authorize her; Act No. 68 of 1902, amending Civ. Code, art. 2402, permitting action in her name for personal injuries only.

2. **Appeal and error ⬥479(2)—Grant or refusal of suspensive appeal discretionary.**

   Grant or refusal of suspensive appeal is matter of discretion.

Suit by Viner Mitchell against the Dixie Ice Company, Inc. Temporary restraining order granted, and, on refusal to grant suspensive appeal therefrom, defendant applied for writs of prohibition, mandamus, and certiorari. Order annulled, and injunction set aside.

Prowell & McBride and William Boizelle, all of New Orleans, for relator.

Puneky & Barrios, of New Orleans, for respondent.

BRUNOT, J. Viner Mitchell is the wife of Charles Sylvester. After her marriage to Sylvester she and her husband acquired the real property described in her petition. This property belongs to the community of acquêts and gains existing between them. The petition alleges that, in various unlawful ways, the defendant has damaged this property, disturbed plaintiff's comfort, and imperiled her life. It fixes the damage to the property at $685.65, the damage resulting from personal discomfort, peril, etc., at $8,814.35, and $500 is claimed as counsel fees incurred in the prosecution of the suit. The prayer of the petition is for a judgment against defendant for $10,000, and a preliminary injunction restraining defendant from permitting the water or ice drippings from its well or plant to flow upon petitioner's property; from permitting its air compressor to cause an overflow of water from its cistern located contiguous to the rear of petitioner's property; and from dropping its blocks of ice in such a manner as to produce vibrations in petitioner's residence.

The court issued the usual order for a hearing before granting an injunction, whereupon defendant filed an exception of no cause or right of action, and prayed that the exception be maintained and that a preliminary injunction be denied. The court overruled this exception, and defendant filed its answer to the suit. On the trial of the application for a preliminary injunction plaintiff testified that the property described in the petition was purchased with money earned by her husband, and that it formed a part of the community existing between them. The defendant then renewed its exception of no cause or right of action and objected to the taking of further testimony. The exception and objection to the testimony were overruled, and defendant reserved a formal bill of exceptions to this ruling. The trial proceeded over defendant's objection, and the district judge rendered a temporary restraining order, enjoining the defendant from doing the things complained of in the petition. Defendant applied for a suspensive appeal from said order returnable to this court, but the judge refused to grant such appeal; and thereupon, after notice of its intention to do so, defendant applied to this court for writs of prohibition, mandamus, and certiorari. The order of this court directed the district judge to send up the record in the case and to show cause why

the relief prayed for by relator should not be granted.

Article 2404 of the Civil Code is as follows:

"The husband is the head and master of the partnership or community of gains; he administers its effects, disposes of the revenues which they produce, and may alienate them by an onerous title, without the consent and permission of his wife. He can make no conveyance inter vivos, by a gratuitous title, of the immovables of the community, nor of the whole, or of a quota of the movables, unless it be for the establishment of the children of the marriage. Nevertheless he may dispose of the movable effects by a gratuitous and particular title, to the benefit of all persons. But if it should be proved that the husband has sold the common property, or otherwise disposed of the same by fraud, to injure his wife, she may have her action against the heirs of her husband, in support of her claim in one-half of the property, on her satisfactorily proving the fraud."

[1] This court has repeatedly applied article 107 of the Code of Practice, and it is now the settled jurisprudence of this state that all actions for damages for an injury done to community property or community business must be prosecuted by the husband as head of the community; that the wife cannot stand in judgment therefor, and a judgment in her favor alone on such causes of action must be reversed. Holmes v. Holmes, 9 La. 350; Cowand v. Pulley, 9 La. Ann. 12; Barton v. Kavanaugh, 12 La. Ann. 332; Cooper v. Cappel, 29 La. Ann. 213; Ford v. Brooks, 35 La. Ann. 159; Holzab v. Railroad, 38 La. Ann. 188, 58 Am. Rep. 177; White v. Railroad, 42 La. Ann. 990, 8 So. 475; Williams v. Pope Manufacturing Co., 52 La. Ann. 1427, 27 So. 851, 50 L. R. A. 816, 78 Am. St. Rep. 390.

Respondent Viner Mitchell contends that, as the property was purchased in her name and her husband joined in the suit to aid and authorize her, she was therefore the agent and representative of the community, and as such she was competent to institute

and prosecute the suit; and the district judge in his return says:

"Following the decision in Knoblock & Rainaold v. Posey, 126 La. 614, 52 So. 847, respondent considered that, in the language of the opinion in that case, 'she must be held to have been litigating as the agent and representative of the community' and accordingly respondent overruled the exception of no right of action interposed by the defendant, based on the contention that it was for Sylvester, the husband, not his wife, to vindicate the rights of the community."

In suits for damages for injuries suffered by the community, this court has never held that the mere assent of the husband is sufficient, or that the wife alone can judicially vindicate the rights of the community. There is a uniform and unbroken line of decisions to the contrary, all holding that in suits of this character the wife is not competent to stand in judgment, and that the suit must be brought in the name of the husband. Williams v. Pope Manufacturing Co., 52 La. Ann. 1427, 27 So. 851, 50 L. R. A. 816, 78 Am. St. Rep. 390, and authorities therein cited.

Regardless of the language used by the court in Knoblock & Rainaold v. Posey, there is no analogy between that case and the case at bar. In the Posey Case the wife was vindicating the rights of her paraphernal property. She was not the plaintiff, but the defendant in the suit, and she was seeking to avoid liability for a community debt. In that particular case the wife was permitted to amend her answer and to change the substance of the demand, and with reference to this amendment the court said:

"There is no doubt that for the reason here stated such a changing of the issue could not be allowed to an ordinary litigant; but married women have always occupied a favored position in our courts when it has come to resisting liability for a debt alleged to be not their own, but that of their husband. It has repeatedly been held that they cannot estop themselves from setting up this defense."

The case of Knoblock & Rainaold v. Posey is easily differentiated from the case at bar, and the opinion in that case does not review or even refer to the authorities which we have cited in support of the doctrine that suits for damages for injuries to the community must be brought in the name of the husband. Since the passage of Act 68 of 1902, amending article 2402, R. C. C., the right of action for personal injuries suffered by the wife is not an asset of the community, and therefore a suit for damages for such injuries is properly brought in the wife's name, but, where the injury is to the community property, the jurisprudence remains unchanged.

[2] We think the learned judge of the district court erred in overruling the exception of no right of action and in granting plaintiff a preliminary injunction. We think the granting or refusal of a suspensive appeal is a matter of discretion, but we do not think that the necessities of this case require us to interpret Act 29 of 1924 or to exercise the power that act confers upon this court.

It is therefore ordered that the order of Hon. M. M. Boatner, granting an injunction in the case, Viner Mitchell v. Dixie Ice Company, Inc., No. 154409 of the docket of the civil district court, parish of Orleans, division B, and No. 26915 of the docket of this court, be annulled, and said injunction be set aside.