No. 8707.

Orleans Appeal.

MRS. ANNIE WILLIAMS, WIFE, AND CHILD. AND HER HUSBAND, v. HERMAN PERLOFF.

(December 1, 1924, Opinion and Decree.)
(January 5, 1925, Rehearing Refused.)

*(Syllabus by the Court.)*

1. Louisiana Digest, Marriage, Par. 73, 74, 283.

Though the husband may sue alone for a community asset, the suit in the name of the wife as plaintiff will satisfy the law when the husband authorizes his wife.

(Code of Practice, Art. 106, 107—Editor's Note.)

Appeal from Civil District Court, Hon. Fred D. King, Judge.

Plaintiff and her husband sue for the recovery of furniture.

Judgment in favor of the plaintiff wife decreeing her to be the sole owner of all the furniture claimed and ordering the defendant to deliver it to her; and dismissing defendant's demand in reconvention. Defendant appealed.

Judgment amended and affirmed.

George Montgomery, attorney for plaintiff and appellee.

Benj. Y. Wolf, attorney for defendant and appellant.

CLAIBORNE, J.  The Plaintiff wife avers that she purchased from the defendant the following furniture on the installment plan, viz.:

1921
March 21—1 Kitchen Safe........................$ 22.50
April 16—1 Bed, Spring and Mattress.. 75.00
April 30—1 Art Square and 4 Window Shades ........................................ 10.50
April 30—1 Chifforobe............................ 60.00
May 25—1 Ice Box .................................. 15.00
June 27—1 Washstand and Dresser.... 75.00

Making a total of..........................$258.00

That at the time of said purchase she resided with her husband at No. 1623 Tulane Avenue over defendant's store and the furniture was delivered to her there and was actually in her possession until August 1, 1921, when she stored the same with the defendant until such time as she called for it; that she has made payments on said furniture in accordance with her agreement, amounting to $134, but that the defendant now refuses to deliver said furniture to her.

Both plaintiffs pray for judgment decreeing them to be the owners of said furniture and ordering the defendant to deliver the same to them.

This suit was filed November 16, 1921.

The defendant excepted that the claim was a community asset which could be asserted only by the husband. The husband was a party plaintiff and if he chose to pray for judgment in his wife's favor, it was no concern of the defendant. The judgment would be res judicata as to him. Shaw vs. Thompson, 3 Mart. (N. S.) 392; Peyroux vs. Davis, 17 La. 480; Johnson vs. Weld, 8 La. Ann. 126; Barton vs. Kavanaugh, 12 La. Ann. 333; Cade vs. Redditt, 15 La. Ann. 492; Lapice vs. Lapice, 21 La. Ann. 226; George Stewart vs. Jane C. Boyle, 23 La. Ann. 83; Holzab vs. New Orleans & Carrollton R. Co., 38 La. Ann. 188; Lewis vs. Holmes, 109 La. 1035, 34 So. 66; Schoppel vs. Daly, 112 La. 211, 36 So. 322; Malmore vs. Martinez, 144 La. 95, 80 So. 212. But see Mitchell vs. Dixie Ice Co., 157 La. 383, 102 South. 497.

If not, the wife's joinder was surplusage. Holmes vs. Holmes, 9 La. 350; Barton vs. Kavanaugh, 12 La. Ann. 332.

For answer the defendant admitted the sale of the furniture as alleged in plaintiffs' petition; he admitted that at the time of the sale the plaintiffs lived at 1623 Tulane Avenue over defendant's store, and that the furniture was actually in plaintiffs' possession until August 1, 1921; but he de-

nies that the same was sold on the installment plan, but that it was sold to be paid for immediately and on the condition that the same would not be removed from 1623 Tulane Street; he denies that the same was stored with him until such time as plaintiffs should call for the same, but on the contrary, the same was left with him under the condition of the sale that the same would not be removed from 1623 Tulane Avenue until the same was paid in full; he admitted that $134 had been paid on account and admitted that he had refused to deliver the furniture as the condition of the sale was that the furniture was not to be removed until it was fully paid for. Defendant prayed that plaintiffs' demand be rejected, and in reconvention asked for judgment against plaintiffs for $124.

On April 10, 1922, there was judgment in favor of the plaintiff wife decreeing her to be the sole owner of all the furniture claimed and ordering the defendant to deliver it to her; and dismissing defendant's demand in reconvention.

The defendant has appealed.

The judgment is clearly wrong as to the mattress, the art square, and the four window shades which plaintiff admits are in her and in her husband's possession.

The price of the mattress does not appear, but the art square and the window shades were sold for $10.50. Plaintiff has paid in all $134.00. These payments entitle her to

the kitchen safe _____$ 22.50
the bed, spring and mattress_____ 75.00
and the art square and shades_____ 10.50

$108.00

with a credit of____ _____ 26.00
on the chifforobe.

$134.00

But Mrs. Perloff testifies as follows:

"Q. I notice on the book here one or two pieces marked 'Paid in full'.
A. Yes, I told her she could have these things that was paid for, sure. She is welcome to it.
Q. Did you tell her that she could have the things that were paid for, when she came there?
A. Yes.
Q. What did you say to that?
A. She wanted all."

This testimony is not contradicted.

The plaintiff testifies that it was understood that she could pay "as soon as possible", p. 4, or "as she was able to pay", p. 6.

The defendant's wife says: "She was working for me during that time and said she would pay me every week as much as she could".

She is corroborated by the receipt booklet given by her to the plaintiff, by which it appears that the defendant made payments practically every seven days on the different articles purchased by her.

The booklet itself has the following inscription in the title page: "Goods sold for cash and on weekly and monthly payments".

The plaintiff herself testifies as to the payments:

"I never missed two weeks, I paid so much on one and so much on the other." P. 7.

The plaintiff was asked:

"Q. Was not the agreement that you were to leave the furniture in these premises until paid for?
A. No sir, no sir; there was no such agreement."

On the other hand the defendant's wife, who negotiated the first sale with the plaintiff, testifies, p. 9:

"Q. What was the understanding in regard to the sale of this furniture?
A. The understanding was she was to pay for that furniture before she moves it. She would move it when it was all paid for. P. 9.
Q. You are positive that the agreement was that the goods should remain in 1633 Tulane Avenue until paid for?
A. Sure."

The defendant himself testifies, p. 13:

"I told her, as she had no credit standing and could not furnish any references, and as she lived in my premises, she should pay for it before she removed it, and it was perfectly all right to take her time in paying for it. The furniture was to remain on the place until paid for."

W. B. Sweeney is "Meter man for the N. O. Railway and Light Co."; at the time of the sale to plaintiff he was renting from Mr. Perloff, and the plaintiff was renting from him; at the time of the trial he had moved away and was living at No. 520 S. Hennessey Street.

He testifies, p. 16:

"Mr. and Mrs. Perloff asked my wife if she would stand for the bill, and she said no. Mrs. Doherty (plaintiff) was renting from us, and Mrs. Perloff was there and said she would sell the furniture with the understanding that before it was moved out of the premises it was to be paid for. It was to be paid for before moving it from the premises."

This witness did not hear the testimony of the other witnesses as it appears that the witnesses were separated.

The plaintiff was working for the defendant at seven dollars a week, and boarded a gentleman at $10 a week; she was paying $20 a month rent; when her husband left her in August she could no longer pay the $20 and she had to move.

It was at that time that she stored her furniture with the defendant.

She was asked, p. 6:

"Q. Did you make any payments after that?
A. Yes sir.
Q. When?
A. Somewhere about the 1st of September.
Q. Whom did you see?
A. Mrs. Perloff.
Q. What did she say?
A. She told me I could not get it until it was all paid for.

Q. Did you ever attempt to make any payments after that time?
A. Yes sir.
Q. Did she refuse them after she told you that?
A. No, I went to pay her after that and she told me that she was not going to take any more payments on the furniture."

This testimony is contradicted by the receipt book, which shows that several payments of small amounts were made by the plaintiff and accepted by the defendants in September, October and November.

It is also contradicted by Mrs. Perloff:

Q. "Is it not a fact that you refused to receive any more payments after the 15th of October, 1921?
A. No sir.
Q. Didn't Mrs. Doherty go to your store and offer to pay you after she made a demand for the furniture?
A. No."

The defense admitted owing the $124.00. The judgment of the District Court in favor of plaintiff for the mattress, art square, and shades, and dismissing defendant's demand in reconvention, is therefore clearly erroneous.

The judgment appealed from is therefore affirmed in so far as it decrees the plaintiff Annie Williams, wife of Drew Doherty, to be the sole owner of the kitchen safe, the bed and spring, the chifforobe, the ice box, and the washstand and dresser claimed by her and that the defendant be condemned to deliver to her the kitchen safe and the bed and spring; but that in other respects it be reversed and annulled; and it is now ordered that the defendant be condemned to deliver as soon as each one is paid each of the chifforobe, the ice box, and the washstand and dresser to the plaintiff as soon as she shall pay to him the balance due upon each, say $34 upon the chifforobe, $15 upon the ice box, and $75 upon the washstand and dresser. The defendants to pay the costs of the District Court and the plaintiff to pay the costs of this court.