## No. 9513

## Orleans

---

## PAUL v. ARNOULT

---

(February 28, 1927. Opinion and Decree.)
(March 28, 1927. Rehearing Refused.)
(May 23, 1928. Writ to Supreme Court Granted.)
(November 29, 1927. Opinion and Decree of Supreme Court on Writ of Certiorari and Review; Reversed. See 164 La. —, 114 So. 706.)

---

### (Syllabus by the Court)

1. **Louisiana Digest—Marriage—Par. 265, 268.**
All actions for revenue falling in the community must be prosecuted by husband as head of the community.
(Refer to Louisiana Digest, Bills and Notes, Par. 184.—Editor's note.)

Appeal from Civil District Court, Division "A". Hon. Hugh C. Cage, Judge.

Action by Mrs. Albert L. Paul against John B. G. Arnoult.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Claude L. Johnson, of New Orleans, attorney for plaintiff and appellant.

Joseph Rosenberg, of New Orleans, attorney for defendant and appellee.

CLAIBORNE, J., dissents.

### OPINION

JONES, J. This is a suit for three hundred and fifty dollars ($350.00) rent, by Mrs. Albert L. Paul, *aided and authorized*

by her husband. When the suit was filed, the judge ordered writ of provisional seizure to issue and the civil sheriff seized the contents of the house.

Attached to the petition was a printed lease, containing the usual stipulation, signed by the defendant and by *Albert Paul, Agent*, also seven rent notes, each signed and endorsed by the defendant, each made payable to the order of "myself".

To this petition, defendant filed exceptions as follows:

1. That the plaintiff has no right to file this suit or stand in judgment herein, as it should have been filed by the husband, the head and master of the community; that the lease purports to have been signed by the husband as lessor and not by the wife, plaintiff herein.

2. No cause of action.

These exceptions were overruled and defendant, reserving benefit of exceptions, then answered, denying all the allegations of the petition and averring that he had contracted with Albert Paul, individually and attaching his copy of the lease to his answer.

On direct examination Albert Paul, the husband of plaintiff, testified that the *defendant* had drawn up the lease, knowing that the property belonged to *his wife*, that he had signed the lease and given defendant a copy and later had written the word agent after his name in the lease after his signature.

When it came out on cross-examination that he had never notified defendant of this change and when this fact was confirmed by the absence of the word "agent" from defendant's copy of the lease, as alleged in the answer, the judge at once dismissed the suit of plaintiff and dissolved the writ of provisional seizure on the ground that plaintiff had sued on one contract and the proof showed no such contract existed.

In his brief in this court plaintiff's able attorney seeks to overcome this apparently fatal variance between the "probata and allegata" by arguing that the unopposed statement of the husband on the stand that the defendant knew he was renting from the wife cured the defect, because "evidence, unobjected to, enlarges the pleading". Although this eminently wise and equitable principle has been repeatedly applied by our appellate courts to remedy the omission of necessary allegations, we can find no case in which it has been carried to the extent herein sought for.

To stretch this salutary doctrine to cover this variance would be not to enlarge the pleadings but to contradict the allegation that plaintiff leased the property to defendant, for the proof shows that she did not lease it, but her husband did. We are thus asked to change the parties to a suit because the testimony shows that the suit should have been brought by the husband instead of the wife.

To justify this change of parties, plaintiff argues that the revenue of the separate property of the wife administered by her belongs to her and that payment to the wife will protect the husband in this case, as the husband here was acting as agent for his wife in signing the lease.

In attempting to sustain this position, plaintiff quotes Articles 2384 and 2387 of the Civil Code to the effect that the wife has the right to administer personally her paraphernal property without the assistance of her husband, and may withdraw this power, if she has given it to him, and also the decision of the Supreme Court in Miller vs. Handy, 33 La. Ann. 164.

We do not deny the law as quoted by plaintiff, but we hold that the articles and the decision quoted are not applicable to the facts in the case.  Here the husband signed the lease as principal, which shows that he was administering the property at that time and there is absolutely no proof that the wife ever withdrew the administration from him.

The statement of the husband that the defendant knew that the leased property belonged to his wife certainly does not show that the wife was administering the property.  On the contrary, even if we admit for the purpose of argument that defendant did have the knowledge attributed to him, we must also admit that he never knew that the husband was signing the lease as agent for the wife, for the husband also swears he never made this fact known to the lessee.

Under these circumstances defendant must have concluded that the property was under the management of the husband and such a conclusion was amply justified by Arts. 2385 and 2386 of the Civil Code, which read as follows:

"The paraphernal property, which is not administered by the wife separately and alone, is considered to be under the management of the husband." (Art. 2385.)
"When the paraphernal property is administered by the husband, or by him and the wife indifferently, the fruits of this property, whether natural, civil, or the result of labor, belong to the conjugal partnership, if there exists a community of gains.  If they do not, each party enjoys, as he chooses, that which comes to his hands; but the fruits and revenues which are existing at the dissolution of the marriage, belong to the owner of the things which produce them." (Art. 2386.)

As far as this record shows the only act, done by the wife, which even tends to show that this property was ever administered to any extent by her is the filing of this suit in her name.  As she does this *authorized* and *assisted* by her *husband*, she can hardly be said to have been acting separately and alone as required by Art. 2385 C. C.

In the decision in Miller vs. Handy, 33 La. Ann. 160, on page 163, Judge Fenner, the organ of the court, uses the following language:

"The evidence conclusively shows that Mrs. Jackson administered the plantation in her own name, her husband acting as her agent by virtue of procurations, which she was careful always to prepare and deposit with her merchants, who are shown to have recognized her authority as principal in all transactions and the authority of her husband solely as her mandatory. The accounts with the successive merchants were always kept in her name; she was credited with all its revenues and charged with all its expenses.  Her husband, who conducted other plantations for his own account, kept his own accounts with the same merchants entirely separate from the wife's plantation accounts." (Miller vs. Handy, 33 La. Ann. 163.)
"So long as the acts of the spouses make it clear and certain that the wife intends to reserve the administration to herself and for her own benefit and to permit no acts to be done in reference thereto, except by herself, either personally or through properly constituted agents, and that the husband does not assume to interfere in the administration, except as the express and open agent of the wife, we can see nothing to prevent the administration from being considered as that of the wife 'separately and alone' in the sense of the law." (Miller vs. Handy, 33 La. Ann. 164.)

Although we have given this case the most careful attention and have carefully considered both the original and supplemental briefs of plaintiff's attorney, because we wish as far as possible to do away with mere legal technicalities, we have been forced to the conclusion here that the revenues of this property fall into the community of acquets and gains

and that the husband as the head and master of the community should have filed the suit. Even if we had reached a different conclusion, we are bound by the decision of the Supreme Court in the recent case of Mitchell vs. Dixie Ice Company, 157 La. 383, 102 So. 497, where the suit of the wife, authorized by husband, for damages to community property purchased in her name was dismissed on the ground that "all actions for damages for an injury done to community property or community business must be prosecuted by the husband as the head of the community".

For the above reasons the judgment appealed from is affirmed.

---

DISSENTING OPINION BY HIS HONOR
CHARLES F. CLAIBORNE

The fundamental error, I believe, of the majority opinion is in assuming that the notes sued on are community assets. The notes were given for the rent of a house and the house was the separate property of the wife. This makes the notes the separate property of the wife. C. C. 499. When and if, the notes are collected by the husband, the proceeds will then only fall into the community. But the wife has at any time the right to resume the administration of her notes and to sue upon them.

But assuming that the notes are community assets. When the husband authorizes his wife to sue for a community debt, or when he testifies in her favor in her suit for a community debt, the judgment in favor of the wife is valid and binds the husband. Under these conditions the defendant is without interest to contest the right of the wife to sue in her name. Cade vs. Reddit, 15 La. Ann. 492; Chapman vs. N. O. J. & G. N.

Ry., 21 La. Ann. 224; Stewart vs. Boyle, Wife of Robinson, 23 La. Ann. 83; Holzab vs. N. O. & C. Ry. Co., 38 La. Ann. 188; Lewis vs. Holmes, 109 La. 1035, 34 So. 66; Badie vs. Columbia Brewing Co., 142 La. 856, 77 So. 768; specially Malmore vs. Martinez, 144 La. 95, 80 So. 212, Orl. App. Nos. 7997 O. B. 57 No. 8603 O. B. 64.

A fortiori is the above correct when suit is brought upon a negotiable promissory note. C. C. 2145, Negotiable Inst. Act 1904 No. 64, Sec. 51, p. 155; Shaw vs. Thompson, 3 Mart. N. S. 392; Franek vs. Brewster, 141 La. 1032, 1045, 76 So. 187, 1 La. Dig., p. 972; S. 184; 8 C. J. 593; 33 Dalloz Rep. Leg., p. 380, S. 1733.

When a wife, as plaintiff, alleges that she is authorized by her husband and the answer does not deny it specially, the presumption is that the allegation is true. 2 H. D. 1152 No. 9; Durham vs. Heirs of Daugherty, 30 La. Ann. 1256, Orl. App. No. 8603 O. B. 57.

To defeat an honest claim by this technicality seems to me a denial of justice.

For the above reasons I respectfully dissent.

(Signed) CHAS. F. CLAIBORNE, Judge.