## No. 839.

### JOSEPH MALLON and Wife *v.* FREDERICK L. GATES.

In the name of Joseph Mallon and his wife an injunction was taken to stop the sale of a plantation belonging to Joseph Mallon, on the grounds that they were entitled to a homestead. The wife made the affidavit and executed the bond, having been authorized to do so by the judge, on proof that the husband was absent.

The right to the benefit of the homestead act is not established by the facts of this case. But the husband, who alone could have asserted the right, if it existed, is not before the court, and nothing therefore can be decided to affect his rights. The wife has asserted no right personal to herself in this suit, and she has no right to represent her husband in the matter, nor can she bind him by her acts.

APPEAL from the Third Judicial District Court, parish of St. Mary. *Train*, J. *R. L. Belden, Allen & Foster*, for plaintiff and appellee. *Frederick Gates*, for defendant and appellant.

LUDELING, C. J. Joseph Mallon confessed judgment in a suit to enforce payment of a note secured by mortgage in July, 1872. In August, 1873, the judgment creditor caused execution to be issued, and

the property of Joseph Mallon was seized and advertised for sale. On the third of September a petition, in the name of Joseph Mallon and his wife, was filed, praying for an injunction to stop the sale of the plantation of Joseph Mallon, on the grounds that they were entitled to a homestead, etc. The wife made the affidavit and executed the bond for the injunction, having been authorized to do so by the judge, on proof that the husband was absent.

There was judgment in favor of the wife for one hundred and sixty acres of the land, etc. The defendant appealed.

The following facts appear from the record: That the plantation seized belonged to the husband, the debtor; that he and his wife resided in Franklin more than a year preceding the seizure, and that the husband had left the State, apparently with the intention not to return to St. Mary parish. It further appears that Mallon and wife have no children or other person directly and legally dependent upon them. It is therefore manifest that they have no right to the benefit of the homestead act. But the husband, who alone could have asserted the right, if it existed, is not before the court, and we can not therefore decide anything to affect his rights. The wife has asserted no right, personal to herself in this suit, and she has no right to represent her husband in the matter, nor can she bind him by her acts.

It is therefore ordered and adjudged that the judgment of the district court be annulled, and that there be judgment in favor of the defendant against the plaintiff and her sureties on the injunction bond for $500 damages. It is further ordered that the costs in both courts be paid by the plaintiff.