Ford vs. Brooks.

## Nos. 8287 and 8393.

### James Ford and Justine Ford, his Wife, separate, etc., vs. Wm. A. Brooks, Constable, et al.

The produce of the industry and labor of a wife, not separate in property, falls into the community; all business conducted by her labor and industry is the business of the community. Actions for damages for injuries to such business, as well as personal actions of the wife for injuries to her reputation, credit and feelings, must be prosecuted by the husband, as head of the community, and the wife cannot stand in judgment therefor.

A judgment in favor of the wife alone on such causes of action must be reversed.

APPEAL from the Civil District Court for the Parish of Orleans. *Rightor, J.*

*R. King Cutler* for Plaintiffs and Appellants:

1. Every illegal act of man causing damage to another obliges the wrong-doer to make full reparation, whether the damage was done to the property or person of the complainant—whether it affected his body or mind—and whether its exact amount is susceptible of proof or not. The obligation binds the wrong-doer in favor of the party who is injured. C. C. 2315 and 1934, third paragraph.

2. Where the wrong-doer actually thought he was doing a legal act, yet he illegally did what was illegal, yet he is bound to repair the damages he has caused to the person who suffers from it. C. C. 1934, 2315; 4 La. 203; 16 La. 389; 11 An. 206.

3. But where at the very time of acting he knew that the act causing damage was illegal, he is responsible in damages even if the person wronged is himself unable to prove how much loss he has sustained by the illegal act. The court and a jury must assess a probable amount of damage, 10 An. 231; 12 Rob. 668; 19 An. 362; 17 An. 19; because from the very nature of a damage arising from offenses or quasi offenses it is not susceptible of exact proof.

4. Where the wrong-doer is an officer of a court, who uses the authority of his office to oppress those whom it was his duty to protect, no amount the plaintiff can be supposed to have suffered can be supposed to be excessive or unjust.

5. The law never requires any party, in any controversy before its courts, to do an impossibility. It cannot require any suitor before it to prove the exact loss he has suffered by a slander or a seizure, nor in this case is it required that the exact loss be shown. It is known to be great; no one can determine its amount except by approximation. The Judge is therefore compelled to approximate; he allowed less than plaintiffs suffered.

6. As to the want of parties to this appeal, the facts and law are clearly stated in the first part of this brief, in suit No. 8392.

*A. T. Steele* on the same side.

*Jos. P. Hornor* and *F. W. Baker* for Defendants and Appellees:

1. In the absence of a marriage contract, or judgment of separation of property between husband and wife, a community of acquets and gains exists. C. C. 2332, 2404.

2. The husband is the head and master of the community, and can alone sue and stand in judgment on behalf of the community. C. C. 2332, 2404.

3. During marriage the husband has the control and management of the personal actions of the wife; she cannot sue therefore in her own name. C. P. 107; C. C. 2385; 9 La. 350; 12 An. 332.

4. A judgment cannot be changed as between appellees.

5. The wife cannot be a witness for or against the husband in a suit on behalf of the community. C. C. 2281.

The opinion of the Court was delivered by

FENNER, J.   Reduced to its simplest elements the cause of action presented on these appeals is the following:

The action is brought by "James Ford and Justine Ford, his wife, *separate in property*," (as alleged.)

The *gravamen* of the injury complained of is the illegal seizure and detention of certain movables belonging to the wife and under her separate administration, in execution of a writ of *fi. fa.* issued upon a judgment rendered against the husband alone.

The action sounds in damages and is brought against Sanchez, plaintiff in the judgment, Cain, the justice of the peace who rendered it, Brooks, the constable who executed it, and his official sureties, Lambert and Montagnet.

Conspiracy is charged between Sanchez, Cain and Brooks, and various circumstances of aggravation are set out.

It is alleged that the movables seized were used by Mrs. Ford in carrying on the business of making and selling candy.   The inventory, however, made at the time and confirmed by the receipt of plaintiffs, endorsed on the back thereof, shows that the movables seized were two common armoirs, a common wooden table, several chairs, several pictures, two common clocks and a small show case.

The elements of the damage charged to have been occasioned by this illegal seizure are : 1, injury to the reputation, credit, commercial and individual standing of the plaintiffs; 2, injury to the business of Mrs. Ford and suspension thereof for several days; 3, exposure of her husband and children " to the public gaze, to the great personal mortification of all of them;" 4, " trouble and expense of hauling her property thus seized back to her residence."

Judgment was prayed for against the defendants *in solido*, in favor of James Ford for $2,000, and in favor of James and Justine Ford, for the separate use and benefit of the latter and her children, for $5,000.

After trial, judgment was rendered in favor of Mrs. Justine Ford, wife of James Ford, against all the defendants except Cain, *in solido*. A new trial was granted to the sureties but refused as to Brooks and Sanchez.   On this new trial judgment was rendered in favor of the sureties and against the plaintiffs, as in case of non-suit.

Brooks appealed from the judgment against him, and the plaintiffs appeal from the judgment in favor of the sureties.   The two appeals are submitted together for our determination.

### I.

As to the judgment against Brooks, in favor of Mrs. Ford, alone and personally, it must inevitably fall under the proof, and, indeed, admis-

sions in the record, that there existed no separation of property between her and her husband, either by marriage contract or by judgment.

It is perfectly evident that the business conducted by Mrs. Ford, whether alone or with the assistance of her husband, was the business of the community resulting from her marriage, and that all the acquets and gains thereof fell into the community, and that all injuries to said business were community injuries.

As to injuries to the reputation, credit, commercial and individual standing and feelings of either of the spouses, these clearly give rise to personal actions of which the husband has exclusive control, under Art. 107 of the Code of Practice.

All the injuries and damages complained of are of a character which could be vindicated only in the name and right of the husband, as head of the community, and for which the wife is incapable of standing in judgment.

See on this general subject, Cooper vs. Cappel, 29 An. 213; Cowand vs. Pulley, 9 An. 12; Barton vs. Kavanagh, 12 An. 332; Holmes vs. Holmes, 9 La. 350.

Had the action been for damages to the paraphernal property itself seized, and separately administered by her, the case might have been different, but no such damages are alleged or proved.

The movables seized are not of a character requiring administration, or which could be supposed to produce any revenue. They cannot be assimilated to a plantation or like revenue-producing property, the profits of which, when paraphernal and separately administered by the wife, belong to her.

The fact that a merchant owned, before marriage, his counting room furniture, surely would not avail to prevent the earnings of his business from falling into the community; a like principle applies here.

It is obvious that the business here conducted by the wife was one based essentially on her labor, skill and industry, the product of which necessarily fell into the community.

The judgment having been rendered in favor of the wife alone and the husband not having appealed, we must reverse it, and are powerless to examine into questions as to the right of the husband to recover.

II.

The judgment in favor of the sureties was clearly correct. No evidence whatever was offered on the new trial in proof of the damages claimed, except the judgment against Brooks, and it is clear that the judgment rendered against their principal, which we have just re-

versed, in favor of Mrs. Ford, could be no foundation for a judgment in favor of James Ford, who was alone entitled to sue.

It is, therefore, ordered, adjudged and decreed, that the judgment herein rendered in favor of Mrs. Justine Ford and against W. H. Brooks, be annulled, avoided and reversed, and that there be judgment in favor of said Brooks, rejecting her demand, with costs in both Courts.

And it is further ordered and decreed, that the judgment in favor of Lambert and Montagnet, sureties, be affirmed, at cost of appellants.

Rehearing refused.