Bartels vs. Souchon.

| 48 | 783 |
|----|-----|
| 111 | 779 |

### No. 12,008.

### MRS. K. R. BARTELS VS. EDMOND SOUCHON.

The presumption is that property bought during the community belongs to the community, and is the common property of the husband and wife.

The declaration in a deed of purchase that the property was bought with the separate paraphernal funds of the wife is not sufficient in itself to prove title.

This presumption, the court holds, may be rebutted, the truth of the declaration shown, and the title of the wife established.

An absentee may be brought into court through a curator *ad hoc* in an action to quiet title.

Costs are due to the one who recovers judgment.

APPEAL from the Civil District Court for the Parish of Orleans. *Monroe, J.*

*Harry H. Hall* for Plaintiff, Appellee.

*Charles F. Claiborne* for Defendant, Appellant, cites 35 An. 570; 42 An. 357.

Argued and submitted on briefs March 12, 1896.
Opinion handed down April 6, 1896.

The opinion of the court was delivered by

BREAUX, J. The plaintiff agreed with the defendant to sell him certain real estate in the city of New Orleans for the price of sixteen thousand dollars.

The plaintiff was married to the late J. O. Bartels on the 19th day of February, 1860, and he departed this life on the 19th day of September, 1891.

He was twice married. There were no children, the offspring of the marriage with plaintiff. At the time of his death his son was dead and left his children minors.

The property the plaintiff agreed to sell was bought by her from two different vendors in separate acts of sale, at different dates.

The first is dated May 28, 1884, the price was seven thousand dollars, cash paid, the notary recites in the deed, by plaintiff, duly authorized by the husband, J. O. Bartels, with her own separate and paraphernal funds, acquired by her by inheritance.

The second is dated August 2, 1887, and was a purchase by her for five thousand dollars cash, and contains, substantially, similar declarations in regard to the separate funds of the purchaser.

The proof of record is, that plaintiff's husband, an old and infirm man, about 1879 became very much involved in debt, and that in consequence she retained the management of her funds, and never permitted him to have anything to do with her separate property.

Her attorney in the case here testified that, at the time she consulted him about the purchase of the several pieces of real estate which she bought and that he knows that plaintiff's husband never had anything to do with these purchases and was not even consulted in regard to the advisability of making them.

He states, as a witness that the affairs of the husband became more and more embarrassed. A valuable plantation he owned was sold by public auction. A suit was brought against him in the United States Circuit Court which resulted in a judgment of one thousand two hundred and fifty dollars against him.

By her assistance, with her money and the fragments of his fortune he paid his debts. The last years of his life, beginning about the year 1892, she supported him. He had nothing. She gave him even pocket money. He never pretended to interfere with the administration of his wife's paraphernal estate. He after 1879 or 1880 was not in a condition, mentally or physically, to take charge and administer the affairs of any one.

The plaintiff testifies and produces evidence in corroboration of her testimony, that she paid for the property out of her paraphernal

funds, inherited by her from a maternal uncle and from his son in Germany.

Ten thousand dollars of this inheritance she received personally in that country in 1883 and the remainder was subsequently sent to her after her return to the city. A notarial act and accounts were admitted in evidence, showing the amount of the inheritance thus received.

Upon this state of facts she brought suit to compel the defendant to accept the title tendered. A curator *ad hoc* was, at her instance, appointed to represent the son of the late J. O. Bartels and the grandchildren of Bartels, minors—all absentees.

The defendant answered, pleading the general denial.

He admits having agreed to purchase the real estate as alleged in the petition, but questions the validity and legality of the title. The grounds are that a community of acquets and gains existed between Bartels and wife, and that in consequence she is not the owner of the property, in her own right, it being community property.

The judgment in the District Court was for plaintiff. The defendant appeals.

It is a well settled question that all property acquired during the community is, presumably, community property; without dissent doctrine and jurisprudence sustain that principle. It has none the less frequently been decided that it is by no means a conclusive presumption; that it may be shown by competent evidence that it is the property of one of the spouses and not at all property of the community.

The spouses, parties to acts of purchase, have sometimes imagined that the declarations contained in the act was sufficient to sustain the title claimed; in other words, if the declaration was in the act, property bought with the separate funds of the wife, it carried with it the title. In disapproval of this heresy, this court has said that the " married woman must produce proof *dehors* the act of sale to establish her title." Bachino vs. Coste, 35 An. 570.

The plaintiff has complied with the requirement announced in this decision and has proven by competent evidence that she bought the property with her separate funds. The evidence of that fact is abundant and conclusive; this being all that can be required in any case to sustain the wife's claim, we must conclude that it is the wife's property, and that she has the absolute right to sell it to the defend-

50

ant. She has produced the required proof, without reference to any declaration in the deed under which she became the owner.

In the second place and as another ground of defence, it is urged by the defendant: the heirs are absent, they are not properly represented by a curator *ad hoc* because no property was attached. It does not necessarily follow that an attachment should have issued and the real estate attached in order that the court, as relates to the title involved, may be seized of jurisdiction.

When proceedings are *in rem*, absent and unrepresented defendants may be cited through a curator *ad hoc.*

We repeat, in substance, the utterances of this court in Mason vs. Benedict, 43 An. 397.

The notice under the articles of the Code of Practice authorizing the appointment of curators, is ample when complied with by the attorney. We therefore held that the absentees could be made parties to the action here. This conclusion finds support in Duruty vs. Musacchia, 42 An. 367; Young vs. Upshur, 42 An. 362; Robbins vs. Martin, 43 An. 488.

In the case of Pennoyer vs. Neff, 95 U. S. 714, the proceedings should have been *in rem* and not *in personam.* A similar view was taken of the issues in Hobson vs. Peake, 44 An. 383. The former of the last cited case was explained in Arndt vs. Griggs, 134 U. S. 316, 324. The court held that while it is true that the State can not bring the person of a non-resident within its limit, and (4) that its process goes not beyond its borders, it may provide any reasonable method of imparting notice. Notice through a curator *ad hoc* is the method provided in the article of the Code of Practice upon the subject and applied by this court when necessary, as in this case to quiet the title to real estate.

Lastly the defendant urges that the plaintiff should be condemned to pay the costs; that the suit was for her benefit and not for the benefit of her purchaser.

There is here no question of the possible benefit the suit may secure to one or the other of the parties. Costs are not left to the discretion of the court. Statutes governing costs are imperative. "They are due to him in favor of whom the judgment has been rendered." C. P. 157.

It is therefore ordered, adjudged and decreed that the judgment appealed from is affirmed at appellant's costs.