## No. 13,807.

GEORGIANA KNIGHT ET AL. VS. KAUFMAN & MEYER ET ALS.

### SYLLABUS.

1. Under the Constitution of 1898 this court has jurisdiction, without regard to the value of the property, of all suits involving homestead exemptions.'
2. The fact that title to property is taken in the wife's name, and that it is paid for out of her personal earnings after marriage, does not take it out of the category of community property.
3. The wife's earnings are, like the husband's, assets of the community, there being no separation of property.
4. Where the wife enjoins the sale of property standing in her name, she must show by indubitable proof that it was acquired by means of separate, paraphernal funds under her administration, and it is always better to have the act of conveyance so declare.
5. It was not fatal misjoinder of parties plaintiff, nor inconsistency of pleading, nor the assertion of contradictory demands, for the wife and husband, in the same petition for injunction, to declare, first, that the property standing in the wife's name is her separate, paraphernal property, and as such not liable to the seizure; second, in the alternative, that in the event it should be held the property is community in character, then it is exempted from the seizure under the operation of the homestead law.

APPEAL from the Twelfth Judicial District, Parish of Vernon— Lee, J.

---

*Egan & Pegues* for Plaintiffs, Appellees.

---

*Edward L. Wells* for Defendants, Appellants.

---

The opinion of the court was delivered by

BLANCHARD, J. Under the Constitution of 1898 this court has jurisdiction, without regard to the value of the property, of all suits involving homestead exemptions.

This is such a suit.

Kaufman & Meyer are judgment creditors of William J. Knight, who is the husband of Georgiana Knight.

They issued execution and seized a lot of ground, with improvements, situated in the town of Orange, Louisiana.

Whereupon Georgiana Knight enjoined the sale averring the property to be her separate, paraphernal property, having been acquired by purchase in her name "with her own separate, paraphernal money and earnings."

William J. Knight, by appearance made in the same petition, set up, *in the alternative,* that in the event the court should be of the opinion the property seized is not the separate, paraphernal estate of his wife, and should hold the same to be property pertaining to the marital community of acquets and gains, the same is, nevertheless, exempt from the seizure because protected therefrom by the homestead exemption of the Constitution of 1898.

The court *a qua* did not find from the evidence that the property was the separate estate of the wife.

Neither do we. It should not have been claimed as her separate property.

The fact that the title was taken in the wife's name, and that it was paid for out of her earnings for personal services rendered after marriage, did not take it out of the category of community property, there being no separation of property. This is elementary.

The wife's earnings are, like the husband's, assets of the community. Property acquired after marriage, whether in the name of the husband or wife, is *presumed* to be community property.

It follows that when title to real property acquired after marriage appears in the wife's name, it is just as much subject to seizure at the suit of community creditors as though it stood in the name of the husband who is the head and master of the community.

And when the property so standing in the name of the wife is really her separate, paraphernal property, because purchased by her with her separate, paraphernal funds, and she enjoins its sale on that ground, she must show by indubitable proof that it was so acquired by her with separate, paraphernal funds under her administration, and intended as an investment thereof, and it is always better to have the act of conveyance so declare.

Here, while the title was taken in the name of the wife, there is an

utter absence of proof that it was acquired with paraphernal funds, or that she ever had any paraphernal funds to so invest.

The wife's separate claim to the property being disallowed, it re-mains to be seen whether the property, as community property, is ex-empted from the seizure by the operation of the homestead law, under the alternative pleading of the husband herein.

The court *a qua* decreed it was, and this appeal is prosecuted by de-fendants in injunction.

An exception of want of privity of interest and misjoinder of par-ties plaintiff, and another of inconsistent and contradictory demands, were, we think, properly overruled, under the authority of Babineau vs. Guilbeau, 52 La. Ann. 992.

The averments of this husband, setting out his homestead claim, are almost fatally meager. He barely does squeeze through on them. The objection leveled at the insufficiency of the statement of the case in the petition to admit proof of essential facts has very much force. The district judge, however, thought the evidence tendered should be re-ceived and we will not disturb his ruling, especially since it would result in non-suit and the additional expense to the litigants of a new suit.

The evidence found in the record shows that the property in ques-tion is the only property owned by the debtor; that his wife owns no property; that the claim of the judgment creditor originated after the adoption of the Constitution of 1898; that the debtor has a family dependent on him for support; that they live on this property; and that its value is only a few hundred dollars.

This makes out his case.

Judgment affirmed.

Rehearing refused.