PROVO STY, J.
The defendant, Mrs. Po-sey, and her brother, Edward Gueno, and the children of her deceased brother, Ovide Gueno, owned their old family plantation named Presqu’ile, except an interest of 6/64. This outstanding interest was for sale at $12,000, whereof 1/3 cash and balance in two equal payments in one and two years, and the brother of the defendant, Mrs. Posey, urged her to buy it. She had no property or money except an interest of 6/64 in the plantation; but it was expected she could borrow the $4,000 with which to make the cash payment, and could pay the debt thereby created and the credit portion of the price out of her share of the future revenues of the plantation which had theretofore been sufficiently revenue producing to justify this expectation. Accordingly she, her brother, and her husband came together to the office of Bush & Sons, the commission merchants of the plantation, in New Orleans, and obtained the loan of the $4,000 on her note at one year, her brother agreeing verbally that, if she found herself unable to meet the note at its maturity, he would pay it for her, and she made the purchase, using the $4,000 thus obtained from Bush & Sons for making the cash payment, and executing her notes for the credit part of the price. In the act of sale was inserted the following:
“The present purchase is made by the said Mrs. J. G. Posey, with her own separate par-aphernal funds and not with the funds belonging to the community existing' between her and her said husband, and the said property shall be her separate property and not form part of said community; the notes herein described are to be paid by her with her separate funds.”
In all these acts Mrs. Posey was assisted and authorized by her husband, who signed the notes and acts to authorize her. Within the year the brother died, leaving one-half of his estate of some $47,000 to Mrs. Posey; also within the year the affairs of the plantation were transferred from Bush & Sons to the plaintiff firm. At the maturity of the $4,000 note given to Bush & Sons the plaintiff firm paid it, and took Mrs. Po-sey’s demand note for the amount, with interest added. Some months later, June 11, 1908, this demand note was retired by the execution in its place of the note and mortgage for $4,397.28 upon which the present *613 suit via ordinaria lias been brought This note and this mortgage were executed by Mrs. Posey with the authority of her husband and of the judge. Prom beginning to end the affairs of Mrs. Posey were administered by her husband, and everything she did was on his advice.
Mrs. Posey first filed a general denial, and then, some days later, with leave of the court, filed a supplemental and amended answer, in which she set up that as the community of acquets and gains existed between her and her husband at the time of said purchase, and as said purchase was not made by way of investment of her paraphernal funds, it was a purchase by and for the community, and that consequently the debt created for making the cash payment was a debt of the community, or, in other words, of her husband, for which she could not bind herself.
To the filing of this amended answer plaintiff objected on the ground that it changed the substance of the demand, and cited Code Prac. art. 419; Calvert v. Tunstall, 2 La. 207; Babcock v. Shirley, 11 La. 74; Bemis v. Dwight, 3 La. Ann. 337; Aregno v. Fosdick, 28 La. Ann. 109; Boagin v. Anderson, 32 La. Ann. 920.
There is no doubt that for the reason here stated such a changing of the issue could not be allowed to an ordinary litigant; but married women have always occupied a favored position in our courts when it has come to resisting liability for a debt alleged to be not their own, but that of their husband. It has repeatedly been held that they cannot estop themselves from setting up this defense.
We agree, further, with the defendant that the purchase in question was not made by way of investment of paraphernal funds or by way of administration of paraphernal property, and that it must therefore be held to have been made by and for the community; it having been made during the existence of the community. Property purchased in the name of the wife during the existence of the community falls into the community, unless made by way of investment of paraphernal funds. Bouligny v. Fortier, 16 La. Ann. 209; Burns v. Thompson, 39 La. Ann. 377, 1 South. 913.
Nor do we think the plaintiff firm stands in the position of an innocent third person who, having loaned money to a married woman on the faith of the authorization of the judge, without knowing what use it is to be put to, is protected by the authorization of the judge. We think the plaintiff firm was fully advised of the whole transaction from beginning to end. In fact, they do not pretend otherwise.
Mrs. Posey’s property cannot therefore be made liable for this debt. But we do not see how the property which the money was borrowed to pay for can escape liability. If she was the agent of the community for buying the property, and for borrowing the money to pay for it, she must be held to have also been the agent of the community for mortgaging the property to secure the loan. The legal situation is that throughout the matter the community acted in her name.
In like manner, in the present suit, in so far as she has sought to have the mortgaged property released from the mortgage on that part of the property belonging to the community, she must be held to have been litigating as the agent and representative of the community. How far it would be possible for a wife to stand in judgment for the community in this manner in the absence of the husband from the suit is a question not arising in the present case, since the husband has joined her and aided her throughout in the defense of the present suit.
The judgment of the lower court granted plaintiff’s demand in full. It will have to be modified so as to conform with the views *615 hereinabove expressed. For doing this, we set it aside, and frame our own decree.
It is therefore ordered, adjudged, and decreed that there be judgment in favor of the plaintiff, the commercial partnership of Kno-block & Rainold, composed of Earle Kno-block and Emile Rainold, and against Mrs. Josephine Gueno, wife of Frank E. Pose;’', in her capacity as agent representing the community of acquets and gains existing between her and her husband, Frank E. Posey, in the purchase from J. Cyrille Dupont and Clifford P. Smith, on the 25th day of January, 1907, by act before Edwin Clarence Wurzlow, clerk of court, of a 0/64 interest in the Presqu’ile plantation, described in the act of mortgage sued on in the present case, and in her same capacity as agent representing the same community in consenting to and executing the note and act of mortgage sued on in this case, in the sum of §4,397.28, with 8 per cent, per annum interest thereon from June 11, 1908, until paid, and 10 per cent, on the aggregate of said principal amount and interest as attorney’s fees and costs of these proceedings.
And that in so far as the judgment appealed from condemns Mrs. Posey individually to pay said debt or holds her separate property liable for said debt the same be set aside and annulled.
And it is further ordered, adjudged, and decreed that in so far as the judgment appealed from recognizes and enforces the mortgage granted by the said Mrs. Posey on the Presqu’ile plantation described in said judgment by act before Frank Edward Rain-old, notary public, parish of Orleans, on June 11, 1908, the same be and is hereby affirmed, except that the undivided interest in said plantation upon which the said mortgage is thus recognized and ordered enforced is hereby reduced to a 6/64 of said plantation, and that the said 6/64 interest in said plantation be seized and sold to satisfy the present judgment.