No.——

First Circuit

———

COKER v. HARPER, ET ALS.

———

(May 8, 1928.    Opinion and Decree.)

——— .

(*Syllabus by the Editor.*)

1. **Louisiana  Digest—Marriage—Par.  135, 154.**

Under  Civil  Code  Art.  2402  the  produce of  the  reciprocal  industry  and  labor of  both  husband  and  wife  is  an  asset of  the  community.

2. **Louisiana  Digest—Marriage—Par.  163, 265.**

Suits  for  the  recovery  of  community  assets  must  be  prosecuted. in  the  name of  the  husband,  as  head  of  the  community;  the  wife  is  not  competent  to stand  in  judgment  therefor.

Appeal  from  the  Parish  of  Vernon.  Hon. Hal  A.  Burgess,  Judge.

Action  by  Mrs.  Sarah  Coker  against Mrs.  Ran  Harper,  et  als.

There  was  judgment  for  plaintiff  and defendant  appealed.

Judgment  reversed  and  exception  maintained.

M.  C.  Pickrel,  of  Oakdale,  attorney  for plaintiff,  appellee.

L.  D.  Woosley,  of  Leesville,  and  C.  E. Hardin,  of  Lake  Charles,  attorneys  for defendant,  appellant.

MOUTON,  J.  William  Philips  died  without  forced  heirs,  leaving  his  estate  to  his wife  who  subsequently  died,  her  succession  going  to  her  collaterals,  the  defendants.

The  demand  is  brought  by  Mrs.  Sarah Coker  in  her  individual  name  for  services rendered  as  a  nurse  to  William  Philips during  his  last  illness,  and  to  Mrs.  Philips for  a  year  prior  to  her  death.

The  produce  of  the  reciprocal  industry and  labor  of  both  husband  and  wife,  is  an asset  of  the  community.  C.  C.  2402.  Ford vs.  Brooks,  35  La.  Ann.  157,  the  Court said  that  revenues  from  the  labor  and industry  of  the  wife  necessarily  fall  into the  community.  This  doctrine  is  imbedded in  our  jurisprudence,  and  no  citations  are deemed  necessary  to  support  it.    Suits for  the  recovery  of  such  community  assets must  be  prosecuted  in  the  name  of  the husband,  as  head  of  the  community;  the wife  is  not  competent  to  stand  in  judgment therefor,  and  a  judgment  in  her  favor  alone in  such  cases  will  be  reversed,  Mitchell  vs. Dixie  Ice  Co.,  157  La.  383,  102  So.  497, and  numerous  decisions  therein  cited.

The  defendants  filed  an  exception  to  the effect  that  plaintiff  is  a  married  woman, the  wife  of  William  B.  Coker.    The  proof shows  that  such  is  the  fact,  and  that  the earnings  plaintiff  claims,  if  she  is  entitled thereto,  necessarily  fall  into  the  community.    There  is  nothing  in  plaintiff's petition  or  in  the  evidence  to  relieve  her of  her  disability  to  sue  or  to  take  her case  out  of  the  fatal  grasp  of  the  exception,  and  it  must  therefore  be  held  that  she was  not  competent  to  recover  judgment against  defendants.

It  is  therefore  ordered,  adjudged  and decreed  that  the  exception  be  maintained; it  is  further  ordered  that  the  judgment appealed  from  be  avoided  and  reversed, and  that  the  demand  of  the  plaintiff  be dismissed  at  her  cost.