No. 2488

Second Circuit

HARDEE v. McGAGA, ET AL.
JAMISON, Garnishee
McGAGA, Intervenor

(May 22, 1928.  Opinion and Decree.)
(June 28, 1928.  Rehearing Refused.)
(————.  Writ of Certorari and Review Denied by Supreme Court.)

(*Syllabus by the Court*)

1. **Louisiana  Digest—Marriage—Par.  143, 145.**

Property purchased in the name of the wife during the existence of the community presumably falls into the community; and the fact that it was purchased in her name does not even raise a presumption that it is her separate property.

> Civil Code, Art. 2402.
> Succession of Graf, 125 La. 204, 51 So. 115.

2. **Louisiana  Digest—Marriage—Par.  100, 127, 163.**

Act No. 94 of 1916 and Act No. 219 of 1920 permit the wife to act without the authority of the husband in regard to her separate property, but in no way affect the laws relative to the community of acquets and gains.

> Sissung vs. North River Ins. Co., 5 La. App. 123.

3. **Louisiana  Digest—Marriage—Par.  99, 154.**

Money earned by a married woman in operating a boarding house falls into the community of acquets and gains, in the absence of proof that she was carrying on business separate from her husband.

> Act No. 186 of 1920.
> Isaacson vs. Mentz, 33 La. Ann. 595.

4. **Louisiana  Digest—Marriage—Par.  154.**

Under Act No. 186 of 1920, the fact that the wife, during the existence of the

community, operates a boarding house with the acquiescence of the husband, does not take the revenues derived from the operation of the boarding house out of the community of acquets and gains in the absence of proof showing that the wife operated the boarding house separate from the husband.

Jordy vs. Muir, 51 La. Ann. 55, 25 So. 550.

Bank vs. Bein, 12 Rob. 578.

Knight vs. Kaufman, 105 La. 35, 29 So. 711.

King vs. King, 107 La. 437, 29 So. 205.

Appeal from the Eleventh Judicial District Court, Parish of Sabine. Hon. Hal A. Burgess, Judge.

Action by T. W. Hardee against T. B. McGaga, et al. Charley Jamison, garnishee. Mrs. Annie Jane McGaga, intervenor.

There was judgment for defendant and plaintiff appealed.

Judgment amended and affirmed.

T. C. Armstrong; Boone and Boone, of Many, attorneys for plaintiff, appellant.

Don. E. Sorelle, of Many, attorney for defendant T. B. McGaga, and intervenor Mrs. Annie Jane McGaga, appellees.

STATEMENT OF THE CASE

REYNOLDS, J. This is a suit by attachment against an absentee, cited and served through a curator ad hoc appointed by the court to represent him in the action.

The plaintiff alleged that the defendant, T. B. McGaha was an absentee and was indebted unto him in the sum of $277.88 with interest thereon at the rate of 8% per annum from October 15, 1920, until paid, and 10% on the amount of principal and interest as attorney's fees, less a credit of $9.27 as of date November 12, 1921, and that Charley Jamison was indebted or had in his possession money belonging to the defendant.

A writ of attachment against the prop-

erty of the defendant was issued and a writ of garnishment was served on Charley Jamison, and Don E. Sorelle was appointed and accepted the appointment of curator ad hoc for the absentee.

The garnishee answered that he had in his possession $93.85 collected as rent of the property attached and that he understood the money belonged to Mrs. Annie Jane McGaha, the wife of defendant, T. B. McGaha.

Under the writ of attachment the sheriff seized eighty acres of land, more or less, namely, the southeast quarter of southeast quarter of section thirty-four and the southwest quarter of southwest quarter of section thirty-five, township ten north range eleven, west, in Sabine parish, Louisiana, and certain movables.

The curator ad hoc on behalf of the defendant denied ownership by him of the property seized.

Mrs. Annie Jane McGaha, the wife of the absentee T. B. McGaha, intervened in the suit and claimed to be the owner of the property seized, in virtue of a purchase thereof by her from J. T. Simpson by act passed before J. J. Stumpff, a notary public of Ouachita county, Arkansas, on March 24, 1924, and recorded in book 36 at page 321 of the conveyance records of Sabine parish, of the land described, and that the money in the hands of Charley Jamison the garnishee represented rents of the property collected by him for her.

"The fact that the title was taken in the wife's name, and that it was paid for out of her earnings for personal services rendered after marriage, did not take it out of the category of community property, there being no separation of property. This is elementary. The wife's earnings are, like the husband's, assets of the community. Property acquired after marriage, whether in the name of the husband or wife, is presumed to be community property. It follows that, when title to real

property acquired after marriage appears in the wife's name, it is just as much subject to seizure at the suit of community creditors as though it stood in the name of the husband, who is the head and master of the community."

Knight vs. Kaufman, 105 La. 35, 29 So. 711.

"All property acquired under the regime of the community whether in the name of one spouse or the other is presumed to be community property. The wife, claiming such property to be hers, must establish her pretensions by legal proof. The fact that the title was taken in her name does not even raise a presumption in her favor."

Succession of Graf, 125 La. 197, 51 So. 115.

In Isaacson vs. Mentz, 33 La. Ann. 595, a judgment creditor of a widow sought to subject to his judgment property acquired by her from her husband in his lifetime in payment of "money made and earned by her by keeping a boarding house on her own account and received by the husband and applied to his own use;" and in a contest between the heirs of the deceased husband and the creditor of the wife the court adjudged that the property belonged to the succession of the deceased husband, saying:

"Inasmuch as there was a community of acquets and gains existing between this husband and wife during the entire term mentioned, the earnings referred to fell into the community and were subject entirely to the charge and disposition of the husband, as the head of that community, for which he was under no obligation to account to his wife."

There is no proof that Mrs. Annie Jane McGaha possessed any separate paraphernal property or that the property was acquired with any such funds  On the contrary, the proof shows that whatever consideration she paid for it was derived from operating a boarding house her earnings in which belonged to the community between herself and her husband. Therefore both the prop-

erty acquired with such earnings and the rents thereof were subject to seizure for community debts.

Plaintiff answered the petition of intervention and alleged that the property sized belonged to the defendant T. B. McGaha; that he deeded it to his son-in-law, J. T. Simpson, who, in turn, deeded it to defendant's wife, Mrs. Annie Jane McGaha, and that the transfers were simulations and, if not, then made with intent to defraud plaintiff.

On these issues the case was tried and there was judgment decreeing intervenor to be the owner of all the property attached and dissolving the writ of attachment and garnishment, and taxing plaintiff with the costs of the attachment and garnishment proceeding, and plaintiff appealed.

### OPINION

In reaching a conclusion in this case we have not found it necessary to determine whether or not the sale from T. B. McGaha to J. T. Simpson and from the latter to Mrs. Annie Jane McGaha were simulations or in fraud of creditors of T. B. McGaha, for the reason that at the time of the attachment of the property the title thereto stood in the name of Mrs. Annie J. McGaha and under the law. it presumably belonged to the community of acquets and gains existing between her and her husband T. B. McGaha, the defendant, and it was subject to attachment for the debts of the community and the debt sued on by plaintiff was a community debt.

Mrs. Annie Jane McGaha claims to own the property in virtue of the fact that she purchased it with funds derived by her in operating a boarding house in her own name, but there is no proof that she acquired or operated the boarding house with her separate paraphernal funds or that

she had any separate paraphernl funds or that the boarding house was operated in such manner as to relieve the community of acquets and gains between herself and her husband, the defendant T. B. McGaha, from liability for debts contracted in the operation of it. Under the facts disclosed by the record any one furnishing supplies for the boarding house could have held the community of acquets and gains liable therefor. Hence the revenues derived from operating the boarding house fell into the community.

It is true that Mrs. Annie Jane McGaha considered the boarding house and the funds derived from its operation her separate property, but there is no proof in the record that she was operating the boarding house separate from her husband.

It therefore follows that the property attached and the funds in the hands of the garnishee were subject to seizure in satisfaction of plaintiff's claim.

It is therefore ordered, adjudged and decreed that so much of the judgment appealed from as decrees the property attached and the funds in the hands of the garnishee to be the separate property of intervenor, Mrs. Annie Jane McGaha, and dissolving the writ of attachment and the writ of garnishment and taxing plaintiff with the costs of the attachment and garnishment proceeds be annulled, avoided and reversed, and it is now ordered, adjudged and decreed that the writ of attachment and writ of garnishment be sustained and the property attached and money garnisheed decreed to be the property of defendant, T. B. McGaha, and that the property attached be sold and the money in the hands of the garnishee and the proceeds of the sale of the attached property be applied to the satisfaction of plaintiff's claim in principal, interest, attorney's fees and costs.