O’NIELL, Chief Justice.
 

 Mrs. Peter Cabral, a married woman, obtained judgment by default against the maker and indorsers of a promissory note. One of the indorsers, Dr. J. O. Weilbaecher, has appealed from the judgment, and, in this court, has filed an exception of no cause or right of action.
 

 The exception is based upon the contention that the allegations made in Mrs. Cabral’s petition, that she was a married woman, and that she had purchased the note, were the same as to say that the note belonged to the matrimonial community between her and her husband and not to her
 
 alone.
 

 Of course, if Mrs. Cabral had alleged that she had bought the note while she was a married woman, without alleging that she had bought the note with her separate funds, the exception of no cause or right of action would be well founded, because all property bought by either the husband or the wife during the marriage, even though bought in the name of only one of them, is presumed to belong to the matrimonial community, unless there is a declaration to the contrary in the deed. Civ. Code, art. 2402. But Mrs. Cabral alleged in her petition that she was the holder and owner of the note, and she prayed for a judgment
 
 in
 
 her favor for the amount of the note. The allegation that she bought the note before maturity, and that she was a married woman when she filed the suit, was not a denial that she was the owner of the note. She might have bought the note before she was married, or she might have bought it with her separate funds during the marriage, in either of which cases the note would have become her property not the property of the matrimonial community. If Dr. Weilbaecher believed, when he was cited-to answer the suit, that Mrs. Cabral was not the owner of the note which she held, he should have denied her allegation that she was the owner of the note.
 

 Counsel for Dr. Weilbaecher cites article 2405 of the Civil Code, as well as article 2402. Article 2402, as we have said, refers to property bought in the name of either the husband or the wife during the existence of the matrimonial community, not to property possessed by either the husband or wife. Article 2405 provides that all property possessed by either the husband or the wife at the dissolution of the community is presumed to be
 
 *144
 
 long to the community unless there is proof to the contrary. But a married woman’s claim that she is the owner of a negotiable instrument which she has in her possession is not at all inconsistent with her being a married woman.
 

 The decisions cited in support of Dr. Weilbaecher’s exception of no cause or right of action do not sustain the plea, viz.: Provost v. Delahoussaye, 5 La. Ann. 610; Beigel v. Lange, 19 La. Ann. 112; Lapice v. Bowman, 20 La. Ann. 234; Mallon v. Gates, 26 La. Ann. 610; Cooper v. Cappel, 29 La. Ann. 213; Williams v. Pope Manufacturing Co., 52 La. Ann. 1417, 1427, 27 So. 851, 50 L. R. A. 816, 78 Am. St. Rep. 390; Succession of Manning, 107 La. 456, 31 So. 862; Rocques v. Freeman, 125 La. 60, 51 So. 68; Garlick v. Dalbey, 147 La. 18, 84 So. 441; Schwab v. Hava, 154 La. 922, 98 So. 420; Mitchell v. Dixie Ice Co., 157 La. 383, 102 So. 497; Succession of Howell, 177 La. 276, 282, 148 So. 48; Coker v. Harper, 8 La. App. 402, and Goldman v. Sugar Brothers Co., 8 La. App. 562.
 

 None of the decisions cited sustains the argument that a married woman does not set forth a cause or right of action when she alleges that she is the holder and owner of a certain promissory note and asks for judgment for the amount of the note. In Provost v. Delahoussaye, for' example, the plaintiff claimed title to a tract of land which she had bought while she was a married woman, and, when she failed to prove that the property was acquired as her separate property, the court held that it was community property. The case of Mrs. Beigel v. Lange was tried on its merits, and the ruling was merely that the plaintiff, a married woman, could not, without being joined by her husband as plaintiff, obtain a judgment on a promissory note that belonged to the matrimonial community. In Lapice v. Bowman, it was held that promissory notes acquired by a married man for property which he sold during the existence of the matrimonial community were presumed, at his death, to belong to the community, and that the plea of failure of consideration could be urged successfully by the maker of the notes, in a suit brought against him by the widow of the original holder of the notes. Mallon v. Gates is authority for nothing more than that a married woman could not (in 1874) maintain a suit in her own name for a homestead exemption on property belonging to the matrimonial community with her husband. Cooper v. Cappel was a suit brought by a husband and wife for damages which should have been sued for by the husband alone; and the defendants pleaded misjoinder of parties; but the court overruled the plea, and gave judgment for the plaintiffs, saying that the wife’s joining her husband as a plaintiff in a suit, “where she is not a necessary party, may be treated as surplusage, and it cannot in any respect prejudice the right of recovery.” Williams v. Pope Manufacturing Company is authority for the proposition only that a claim for damages for injury done to a married woman while temporarily in Louisiana, but residing in Mississippi, is not community property, and may be sued for by the married woman. In the Succession of Manning, there is an expression in the syllabus by the court to the effect that all property standing in the name of either the husband or the wife is presumed to be community property; but, in the opinion itself, the expression is modified
 
 *146
 
 so as to conform with article 2405 of the Civil Code, thus: “At the time of the dissolution of the marriage,” etc. And that is all that the decision is authority for. Rocques v. Freeman, also, is merely a restatement of article 2405 of the Civil Code. In Garlick v. Dalbey, the plaintiff, a married woman, failed to prove that she was authorized by her husband to bring the suit, but, as Act No. 94 of 1916,' authorizing married women to sue without being authorized so to do by their husbands, went into effect after the judgment was rendered, this court held that the plaintiff’s appeal from the judgment was entitled to be considered as if the plaintiff had been authorized originally to bring the suit. The decision has no application here. Schwab v. Hava maintains merely that all property bought by either the husband or the wife during the marriage is presumed to be community property. Mitchell v. Dixie Ice Company holds merely that an action for damages to community property must be brought in the name of the husband, not the wife. In Coker v. Harper it was held merely that wages due to a married woman for services rendered during the marriage belonged to the matrimonial community and should have been sued for by the husband, not the wife. In Goldman v. Sugar Brothers Company it was held merely that property bought in the name of Mrs. Goldman and her husband was community property, when the evidence failed to show that the price paid for the property was’Mrs. Goldman’s separate money.
 

 After this case was argued and submitted, counsel for the appellant filed a petition for a writ of certiorari to compel the clerk of the civil district court to send up a copy of the testimony taken in the case. It is said that the record of the .testimony will show that the plaintiff did not prove the signature' of the appellant as an indorser of the note. No such contention was made by counsel for the appellant during the argument of the case or in his original brief filed in this court. In fact the record which was brought up shows that the attorney for the appellant instructed the clerk of the civil district court to copy “only” the documents which the clerk did copy, in preparing the transcript We assume that the reason why the appellant did not require a copy of the testimony was that he intended to file and to rely upon the exception of no cause or right of action. We assume also that the evidence in the case was sufficient to sustain the plaintiff’s demand. Inasmuch as Mrs. Cabral did not allege that she had bought the note from Dr. Weilbaeeher but alleged merely that he was an indorser of the note (and in fact he does not even now contend that she bought the note from him), our opinion is that it was not necessary for Mrs.. Cabral to prove the genuineness of his signature on the back of the note, where there was no denial of the signature. Code Prac. art. 324; Civ. Code, art. 2244; Maddox v. Robbert, 165 La. 694, 115 So. 905.
 

 Counsel for the appellant points out that section 1 of Act No. 229 of 1910, as amended by Act No. 265 of 1918, provides that, after the clerk of court has prepared the transcript of appeal “as directed,” the appeal shall not be dismissed for any defect or omission, “but the parties and the Court shall have the right to cause to be filed thereafter any omitted .portion of the record as a supplemental transcript.” That does not mean that an appellant has the absolute right to bring up as a supplemental transcript por
 
 *148
 
 tions of the record which were omitted by his instructions. If we deemed it essential to a correct decision of this case to have the testimony before us, we would order a transcript of the testimony, sent up, even if the appellant had not asked for it; but there is no necessity for our reading the testimony, to determine whether the allegations of the plaintiff’s petition set forth a cause or right of action. We decline, therefore, to issue a writ of certiorari.
 

 The judgment is affirmed.