## ALSAYA v. JOHNSON.
### No. 16856.

Court of Appeal of Louisiana. Orleans.

Feb. 7, 1938.

Charles J. Mundy, of New Orleans, for appellant.

Claude L. Johnson, of New Orleans, in pro. per.

JANVIER, Judge.

Mrs. Ida Alsaya, alleging that she acquired for value before maturity a certain promissory note of Claude L. Johnson for $1,000 made on August 7, 1931, and payable one year after date to the order of Willie Jackson and by him indorsed, and alleging, also, that the said note has matured and remains unpaid, prays for judgment against Johnson for the face amount of the note, together with interest at 6 per cent. from August 7, 1931, and with 10 per cent. additional on the principal and interest as attorney's fees, as stipulated in the note, which is attached to and made part of the petition.

Mr. Johnson, by exception of no right of action, challenges the right of Mrs. Alsaya to sue on the note, contending that she, a married woman, acquired the note during the existence of the marital community existing between her husband and herself and has not alleged that she acquired it as her separate property. Johnson maintains that, in the absence of such allegation, there arises a presumption that she acquired it for the community and that, therefore, suit on the note may be brought only by the husband as head and master of the community. This contention is based primarily on article 2402 of our Civil Code, which, in part, reads as follows:

"This partnership or community consists of the profits of all the effects of which the husband has the administration and enjoyment, either of right or in fact, of the produce of the reciprocal industry and labor of both husband and wife, and of the estate which they may acquire during the marriage, either by donations made jointly to them both, or by purchase, or in any other similar way, even although the purchase be only in the name of one of the two and not of both, because in that case the period of time when the purchase is made is alone attended to, and not the person who made the purchase."

It is well settled that, as the result of this article, any acquisition made by a wife during the existence of a marital community is, in the absence of allegation and proof to the contrary, presumed to have been made on behalf of the community.

In Succession of Graf, 125 La. 197, 51 So. 115, 118, the Supreme Court said:

"All property acquired during the marriage, whether in the name of the one spouse or the other, is presumed to have fallen into the community, unless the contrary be shown. The wife, claiming such property to be hers, must establish her pretensions by legal proof. 'The fact that the title was taken in her name does not even raise a presumption in her favor.'"

In a syllabus written by the court in Hardee v. McGaga et al., 8 La.App. 794, the doctrine of the presumption of community ownership is stated as follows:

"Property purchased in the name of the wife during the existence of the community presumably falls into the community; and the fact that it was purchased in her name does not even raise a presumption that it is her separate property."

The legal principle is found expressed in similar language in each of the following cases: Shaw v. Hill, 20 La.Ann. 531, 96 Am.Dec. 420; Sulstrang v. Betz, 24 La. Ann. 295; Burns v. Thompson, 39 La.Ann. 377, 1 So. 913; Bartels v. Souchon, 48 La. Ann. 783, 19 So. 941; Knight v. Kaufman & Meyers, 105 La. 35, 29 So. 711; Knoblock & Rainold v. Posey, 126 La. 610, 52 So. 847; Crutchfield v. Moch, 148 La. 201, 86 So. 744; Durand v. Knop, 9 Orleans App. 90. Most recently the rule has been again stated in Cabral v. Victor & Provost, Inc., et al., 181 La. 139, 158 So. 821, 822, which arose on exception of no right of action. The suit was brought by the wife on a promissory note alleged to have been acquired by her. There the court said:

"Of course, if Mrs. Cabral had alleged that she had bought the note while she was a married woman, without alleging that she had bought the note with her separate funds, the exception of no cause or right of action would be well founded, because all property bought by either the husband or the wife during the marriage, even though bought in the name of only one of them, is presumed to belong to the matrimonial community, unless there is a declaration to the contrary in the deed."

If, then, the record as now made up shows, that the note sued on was acquired by Mrs. Alsaya during the existence of the community, it follows that, since we find no allegation of acquisition with her separate funds, the exception must be maintained and the suit dismissed.

Exceptor concedes that there cannot be found in the petition any allegation showing acquisition during the existence of the community, but he maintains that on the trial of the exception he produced evidence which showed that the note was so acquired.

■ That evidence may be introduced on the trial of an exception which challenges the right of a plaintiff to stand in judgment is now established. In Duplain v. Wiltz, 174 So. 652, 654, we said:

"It has also been held * * * that evidence destructive of plaintiff's right may be received on trial of an exception of no right of action."

See, also, Soniat et al. v. White, Tax Collector, et al., 153 La. 424, 96 So. 19, and "The Exception of No Cause of Action in Louisiana," by Henry G. McMahon, appearing in Vol. IX, Tulane Law Review, page 17.

The evidence upon which exceptor relies as showing that the note, if it was acquired by Mrs. Alsaya, was acquired during the existence of the community, is a certified copy of a petition in a suit filed some years ago—on January 19, 1932—by Mrs. Alsaya and her husband, Gus Alsaya, against Willie Jackson, the payee and the indorser of the note now sued on. In that petition plaintiffs alleged that the note had been pledged to them by Willie Jackson as security for a debt and they prayed for a judgment against Jackson for the amount of the debt and for recognition of the validity of the pledge of the note. Exceptor also offered in evidence copy of the judgment rendered in that earlier suit, by which judgment the claim of Mr. and Mrs. Alsaya against Jackson was rejected. Exceptor argues that the allegation in that earlier suit shows that Mrs. Alsaya was at that time the wife of Gus Alsaya and that, since that petition shows that she had not at that time acquired the said note, she could only have acquired it since that time and that, if she acquired it since that time, she must have acquired it during the existence of the community.

But there is nothing to show that the community still exists, or that it existed at the time of the acquisition, for the petition contains no allegation on this subject. So far as the petition shows, it may have been dissolved by death or divorce. It may be that the community still exists and, if it does, then, if the note was acquired by Mrs. Alsaya for the community and during its existence, ultimately, under the authority of Cabral v. Victor & Provost, Inc., supra, the suit must be dismissed, but, as the record is now made up, we cannot reach that conclusion.

Exceptor points out certain inconsistencies between allegations contained in Mrs. Alsaya's present petition and others contained in the earlier suit in which she and her husband sought judgment against Jackson. He argues that, though she now claims to have acquired the note prior to maturity, she could not have done so since it matured on August 7, 1932, many years prior to the judgment rejecting her claim to be recognized as a pledgee of the note.

■ It is true that we find difficulty in believing that she could have acquired it before maturity in view of the chronological events and in view of the allegations referred to, but we bear in mind that she was not successful in the earlier suit. The demand for recognition of the pledge of the note was rejected and we find nothing to show the reasons for that judgment. It may be that Jackson showed that he had paid the principal claim; it may be that he had given the plaintiff title to the note in payment of the principal claim. But, at any rate, that suit was unsuccessful and it may be that, in spite of the allegations in that earlier suit, she was, in fact, at that time the owner of the note. No estoppel has resulted from the allegations made in that earlier suit. See Maddox v. Robbert, 158 La. 394, 104 So. 183, and Farley et al. v. Frost-Johnson Lumber Co., 133 La. 497, 63 So. 122, L.R.A.1915A, 200, Ann.Cas.1915 C, 717.

It may also be that she is in error in her allegation that she acquired the note before maturity. If so, that would not affect her right to sue on the note, but it would only affect the defenses which might be presented if she acquired it after maturity.

■ The facts necessary to the maintenance of the exception of no right of action are not averred in the petition and are not necessarily shown in the evidence which is before us at this time.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be

and it is annulled, avoided, and reversed, that the exception of no right of action be and it is overruled, and that this matter be and it is remanded to the civil district court for the parish of Orleans for further proceedings consistent with the views herein expressed and according to law.

Reversed and remanded.