This proceeding was begun in July, 1937, by the plaintiff, Mrs. Ida Alsaya, to obtain judgment for the face amount of a promissory note held by her and executed by the defendant, in the amount of $1,000, payable one year after date to the order of Willie Jackson, and providing for interest at six per cent. per annum from date and ten per cent. additional on the principal and interest as attorney's fees, the said note being dated August 7, 1931.
Plaintiff alleged that the note sued on was duly indorsed by the payee, Willie Jackson, and acquired by her for value before maturity, and remains unpaid.
Defendant, by exception of no right of action, challenged plaintiff's right to sue on the note, it being contended that plaintiff, a married woman, acquired the note during the existence of the marital community existing between herself and her husband, and had not alleged that she had acquired it with her separate funds and as her separate property. Accordingly, defendant maintained that, in the absence of such an affirmative allegation, there arises a presumption that the note so acquired belongs to the matrimonial community, the collection or enforcement of which can only be maintained by the husband as its head and master.
The lower court sustained the exception and dismissed plaintiff's suit.
When we considered this case on appeal we found that the record failed to show that the note sued on was acquired by plaintiff with her separate funds. Nor did we find any allegation or proof showing whether the matrimonial community still existed or had been dissolved by death or divorce. Upon the record as made up we concluded that the facts necessary to the maintenance of the exception of no right of action were not averred in the petition nor shown in the evidence presented. In the absence of such proof we reversed the judgment and remanded the case. See Alsaya v. Johnson, La.App., 178 So. 518; Id., La.App., 181 So. 204.
Thereupon, plaintiff filed a supplemental petition in the court below, averring that the note sued on "was and is the separate property of petitioner", and alleging further that her husband, Gus Alsaya, died on August 6, 1938, leaving neither lawful surviving descendants or ascendants.
This supplemental petition was met by exceptions of no right or cause of action and of vagueness. In response to the charge of vagueness, plaintiff filed a second supplemental petition alleging that "petitioner was given the note herein sued upon, by Willie Jackson during the month of August, 1931, the exact date of delivery she at this time does not remember * * *". To this second supplemental petition, defendant interposed an exception of no cause or right of action.
The trial court again sustained the exception of no right of action and dismissed plaintiff's suit, from which plaintiff again prosecutes this appeal.
Article 2402 of our Civil Code, in part, reads as follows: "This partnership or community consists of the profits of all the effects of which the husband has the administration and enjoyment, either of right or in fact, of the produce of the reciprocal industry and labor of both husband and wife, and of the estate which they may acquire during the marriage, either by donations made jointly to them both, or by purchase, or in any other similar way, even although the purchase be only in the name of one of the two and not of both, because in that case the period of time when the purchase is made is alone attended to, and not the person who made the purchase. * * *"
As a result of this article, it follows that all property bought by either the husband or the wife during the marriage, even though bought in the name of only one of them, is presumed to belong to the matrimonial community, unless there is a declaration to the contrary in the deed.
In Succession of Graf, 125 La. 197, 51 So. 115, 118, the Supreme Court said: "* * * all property acquired during the marriage, whether in the name of the one spouse or the other, is presumed to have fallen into the community, unless the contrary be shown. The wife, claiming such *Page 757 
property to be hers, must establish her pretensions by legal proof. `The fact that the title was taken in her name does not even raise a presumption in her favor'."
This well-settled legal principle was expressed and applied in Shaw v. Hill, 20 La.Ann. 531, 96 Am.Dec. 420; Sulstrang v. Betz, 24 La.Ann. 295; Burns v. Thompson, 39 La.Ann. 377, 1 So. 913; Bartels v. Sauchon, 48 La.Ann. 783, 19 So. 941; Knight v. Kaufman Meyer, 105 La. 35, 29 So. 711; Knoblock Rainold v. Posey,126 La. 610, 52 So. 847; Crutchfield v. Moch, 148 La. 201, 86 So. 744; Hardee v. McGaga et al., 8 La.App. 794, and in the recent case of Cabral v. Victor Provost, Inc., et al., 181 La. 139,158 So. 821.
Though plaintiff has alleged in her supplemental petitions that the note sued on was acquired by her through the use of her separate funds, this affirmative averment finds no support in the proof adduced on the trial of the exception.
The record does not inform us of the date of plaintiff's marriage to August Alsaya. Assuredly, their marriage antedated July 10, 1929, for on that date they executed and signed, as husband and wife, a notarial act of adoption of an orphan child, Rosemary Raymond. The note herein sued upon is dated August 7, 1931, and is payable to the order of Willie Jackson, one year after date. In her second supplemental petition plaintiff averred that she was "given the note herein sued upon by Willie Jackson during the month of August, 1931 * * *". It appears that on January 19, 1932, plaintiff and her husband, Gus Alsaya, filed suit against Willie Jackson, the payee and indorser of the note now sued upon. In that petition plaintiffs alleged that the note had been pledged to them by the payee, Jackson, as security for a debt. In that suit their marital status was specifically recited as that of husband and wife. It further appears that the matrimonial community was never dissolved by a divorce granted to either spouse, but only by the death of Gus Alsaya, the husband, on August 30, 1938.
From these established facts, it is manifest that the note herein sued upon, not having been bought with plaintiff's separate funds, and having been acquired during the marital community then existing between plaintiff and her husband, Gus Alsaya, it unquestionably belonged to and formed a part of the matrimonial community. Article 2402, Revised Civil Code. At the time of the institution of this suit the community had not been dissolved by the death of either spouse or by divorce. The right to enforce and obtain recovery on this community asset was vested in the husband, Gus Alsaya, as its head and master, to the exclusion of all others. Article 2404, Revised Civil Code.
The judgment of the lower court sustaining the exception of no right of action, and dismissing plaintiff's suit, is correct, and is, accordingly, affirmed.
Affirmed.