REGAN, Judge.
The plaintiffs, Michel Wischer and George Pertuit,' instituted this petitory action against the defendants, Madison Realty Company, Inc., and R. C. Milling, endeavoring to be declared the owners of a large tract of land situated in the Parish of Jefferson, State of Louisiana, by virtue of a thirty year acquisitive prescriptive title.
The defendants pleaded the exception of no right of action to the plaintiffs’ demand predicated on the fact that the records of three prior suits between the same parties, filed or litigated in the same forum, and a certain agreement of “compromise and quitclaim” entered into on March 19, 1940, between Michel Wischer, et al. in favor of the defendants, conclusively .established that the plaintiffs were without interest in the subject matter and were, therefore, precluded from prosecuting this suit.
From a judgment in favor of the defendants maintaining the exception of no right of action and dismissing plaintiffs’ suit, they have prosecuted this appeal.
The record reveals that on the trial of the exception of no right of action, the defendants, over the objection of the plaintiffs, offered in evidence the records in the following three suits.: •
*144 “(a) The possessory action entitled ‘Madison Realty Company, Inc. and R. C. Milling v. Michel Wischer and George Pertuit’, No. 21,280 of the docket of the Jefferson Parish District Court;
“(b) A damage suit entitled ‘George Pertuit v. Madison Realty Company, Inc.’ No. 14,522 of the docket of said court; and
“(c) An injunction suit entitled ‘Madison Realty Company, Inc. and R. C. Milling v. Michel Wischer, Freddie Wischer and George Pertuit’, No. 13,-397 of the docket of said court.”
and “a compromise and quitclaim by Michel Wischer, et al., in favor of Madison Realty Company, Inc., and R. C. Milling, before Nat B. Knight, Jr., Notary Public, March 19, 1940, recorded in C. O. B. 158, Folio 167, Jefferson Parish, Louisiana.”
The plaintiffs offered no evidence whatsoever.
The plaintiffs insist that the trial judge erred in admitting in evidence the records of the aforementioned suits between the same litigants in order to formulate a basis for the disposition or maintenance of the exception of no right of action.
The only question which the pleadings pose for our consideration is one of law and that is, did the trial court err in permitting the introduction of evidence in support of the exception of no right of action ?
The various appellate courts of this State have repeatedly expressed the opinion that where the maintenance of an exception will justly terminate the litigation it should be disposed of before entering into the merits thereof so as to eliminate a protracted and unnecessary trial. These courts have likewise expressed the opinion that during the course of the trial of an exception of no right of action it is perfectly permissible to offer evidence for the concise purpose of revealing that the plaintiff does not possess the right to assert a claim or that the right per se does not exist. Alsaya v. Johnson, La.App.1938, 178 So. 518; Clostio’s Heirs v. Sinclair Refining Co., La.App.1948, 36 So.2d 283.
The trial judge, in his written reasons for judgment, was of the opinion that the evidence offered by the defendants proved conclusively that the plaintiffs had no right to maintain a petitory action against the defendants predicated on a thirty year acquisitive prescriptive title and our examination of the record convinces us that there was no error in his finding.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.