(36 South. 889.)

No. 15,237.

SEVEY v. CHAPPUIS CO., Limited (DODGE MFG. CO., Intervener).*

(June 20, 1904.)

#### JUDGMENT—ORAL PLEA.

1. A judgment rendered by the district court on an oral plea will be reversed and the cause remanded for further proceedings according to law.

(Syllabus by the Court.)

Appeal from Eighteenth Judicial District Court, Parish of Acadia; Conrad De Baillon, Judge.

Action by William E. Sevey against the Chappuis Company, Limited. Judgment for plaintiff. On the suing out of executory process the Dodge Manufacturing Company filed a third opposition. Judgment for plaintiff, and intervener appeals. Reversed.

Andrew Jackson Cammack, for appellant. Dinkelspiel & Hart and Chappuis & Holt, for appellees.

LAND, J. Plaintiff sued out executory process against the defendant company, and caused to be seized the mortgaged premises, with the buildings, improvements, and machinery thereon. The said property was advertised for sale on December 19, 1903.

On said day of sale the Dodge Manufacturing Company filed a petition of intervention and third opposition in said proceedings, alleging that it had sold certain machinery on terms to the defendant company; that a certain balance was due on the purchase price;

──────

*Rehearing denied June 29, 1904.

that it had a vendor's privilege on said machinery seized and advertised for sale by the sheriff at the suit of the plaintiff, and was entitled to be paid by preference out of the proceeds of the sale thereof; and that a separate appraisement and sale of said machinery was necessary in order to protect its rights.

Wherefore intervener and third opponent prayed for an order of court directing such separate appraisement and sale, and that the sheriff retain in his hands the proceeds of sale pending a determination of the proceedings; also for citation to the sheriff, plaintiff, and defendant, and for judgment against defendant for the sum claimed, with interest; and for recognition of vendor's privilege on all the articles of machinery described in the petition; and for judgment decreeing that intervener and third opponent be paid by preference over all the creditors of defendant out of the proceeds of the sale of said machinery and other articles specially described, etc.

On the same day the three defendants acknowledged service of the petition of the Dodge Manufacturing Company, and the court granted the order for the separate appraisement and sale of the property as prayed for, and directed the sheriff to retain in his hands the proceeds arising from its sale pending final judgment on the intervention and third opposition.

It was found impracticable to make the appraisement of the machinery on the day of sale, and the sheriff was instructed by the seizing creditor "to sell all the property seized and advertised except that described in the intervention and third opposition." The sheriff made the sale as directed, leaving the machinery in his hands unappraised and unsold.

On December 28, 1903, the sheriff returned the writ credited with the net proceeds of sale, which were insufficient to satisfy plaintiff's judgment in full.

The evidence does not show that the seizing creditor ordered the return of the writ.

On the contrary, on January 2, 1904, the plaintiff appeared, and filed his answer to the intervention and third opposition, denying the vendor's privilege claimed; alleging that, if it ever existed, it became subordinated to plaintiff's mortgage, because the machinery had become immovable by destination, and subject to said mortgage; and further alleging that, if said vendor's privilege ever existed, it had been extinguished by the payment by defendant of the notes given for the purchase price.

The record before us does not show that the cause was put at issue as to the other two defendants.

The proceedings on the day fixed for the trial are thus set forth in the judgment of the court a qua:

"In the above mentioned and entitled cause, the same having been fixed for trial according to previous assignment, and on the day assigned all parties in interest being ready for trial, the same was accordingly taken up for trial on·issue joined, and the interveners and third opponents having read their petition of intervention and third opposition, when the seizing creditor, W. S. E. Sevey, through his counsel, urged the objection to the further proceedings with said cause for the reason that the sheriff had made his return, and that the seizing creditor had withdrawn the seizure of the property upon which interveners and third opponents claimed a vendor's lien and privilege, and that said intervention and third opposition must be dismissed, which exception was maintained. It is therefore ordered, adjudged, and decreed that the intervention and third opposition of the Dodge Manufacturing Company filed in the above numbered and entitled cause be dismissed at the costs of interveners and third opponents."

The minutes read as follows:

"The petition of the third opponents having been read, counsel for plaintiff in the case asks the court to dismiss this proceeding on the ground that there is nothing against which the third opponents can operate, for the reason that there is no writ in the hands of the sheriff, the writ having been returned, and the seizure of the property on which the third opposition was based having been released, and no sale of the same having taken place; which objection was maintained by the court, and the case was dismissed."

From the said judgment of dismissal the Dodge Manufacturing Company has appealed.

On the face of the papers the intervention should not have been dismissed.

Intervener sought a personal judgment against his debtor, with recognition of his vendor's privilege, which did not depend on the seizure of the property, and was not extinguished by the alleged release of the property. 2 Hennen's Digest, p. 1238, No. 9.

The motion or exception which was sustained must have been oral, as the only evidence of its existence is the recital on the minutes and in the judgment.

The Code of Practice requires the answer and all pleas and exceptions to be in writing.

The matter orally urged went to the extinguishment of the privilege of intervener and third opponent and to the dismissal of the proceedings, and should have been specially pleaded.

As the record reads, the judgment of dismissal was based on an oral suggestion and on the face of the sheriff's return, which was not filed in evidence. The cause was not tried on the issue joined between the parties or on any plea of record.

This proceeding was irregular, and not warranted by the rules of practice.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and that this cause be remanded for further proceedings according to law.