## ROGERS v. BURGLASS et al. *
### No. 16359.

Court of Appeal of Louisiana. Orleans.

Nov. 16, 1936.

John T. Charbonnet, of New Orleans, for appellant.

W. H. Sellers, of New Orleans, for appellee Abraham Burglass.

Daniel Wendling, of New Orleans, for James Dempsey, Constable.

McCALEB, Judge.

This is a suit for damages ex delicto resulting from the illegal seizure of furniture by the defendant Abraham Burglass in a suit brought by him against Mary Watkins in the First city court for the city of New Orleans.

The plaintiff, Rebecca Rogers, alleges that a writ of fieri facias issued in the proceedings No. 220–588 of the docket of the First city court entitled Abraham Burglass v. Mary Watkins, directing the constable of the First city court to seize property belonging to the defendant in that suit; that on February 16, 1935, the constable, acting on instructions of the said Abraham Burglass, seized and took into his possession under said writ of fieri facias certain furniture belonging to the plaintiff; that at the time the furniture was taken from her possession she protested and advised both the constable and a representative of Abraham Burglass that said furniture belonged to her and was not the property of Mary Watkins. She further alleges that on February 23, 1935, she filed with the constable

*Rehearing denied Dec. 14, 1936.

of the First city court an affidavit claiming ownership of the property seized; that on March 15, 1935, she filed an intervention, in the proceedings No. 220–588 of the docket of the First city court, alleging ownership of the property seized and prayed for judgment declaring her to be the owner of the furniture and reserved her right to proceed thereafter for the recovery of damages sustained by her by reason of the illegal seizure. She further avers that on May 10, 1935, the defendants, Abraham Burglass and the constable, returned the furniture to her possession and she now asks to be awarded judgment, for the damages sustained by her, resulting from the illegal seizure, in the sum of $298.75 against the constable of the First city court and Abraham Burglass.

The constable of the First city court filed exceptions which were overruled and both he and Abraham Burglass answered denying, in substance, that plaintiff is the owner of the property and that if any damages were suffered by her as a result of the seizure, it was due to her own neglect.

At the trial of the case in the lower court, evidence was elicited from the plaintiff to the effect that she is a married woman and that the furniture seized was purchased during the existence of the community acquets and gains. At the time the plaintiff revealed by her testimony that she was a married woman, the attorney for Burglass filed an oral exception of no right or cause of action, which appears in the transcript as follows:

"By Mr. Sellers: At this time, I would like to file an exception of no right or cause of action. By her own answer, this is community property."

Whereupon, counsel for the plaintiff requested permission to interrogate the plaintiff further, which request was granted by the court. The testimony brought out by counsel for the plaintiff reveals that the plaintiff was married on February 9, 1930, and that the furniture was purchased after her marriage and at a time when she and her husband were living together. It further appears that she and her husband are now living separate and apart from each other, but that they are not divorced or legally separated by judgment of court.

Upon the development of the foregoing facts, the court made the following ruling:

"By the Court: The exception is sustained and this suit is dismissed at the cost of

plaintiff. I do not dismiss it as of non-suit because there would be a new cause of action on the part of the husband."

In view of his ruling, the trial judge entered judgment sustaining the exception and dismissing the plaintiff's suit. From this adverse judgment, plaintiff has appealed.

Counsel for the plaintiff contends that under the law of this state all pleadings must be in writing and that the trial judge committed error in sustaining an exception of no cause of action made upon an oral plea. The case of Sevey v. Chappuis Co., 113 La. 65, 36 So. 889, is directed to our attention. The holding there is that "a judgment rendered by the district court on an oral plea will be reversed and the cause remanded for further proceedings according to law."

In the case at bar, the exception of no cause of action was made by oral plea and while the jurisprudence recognizes that an exception of no cause of action may be filed at any stage of the proceeding, the Code of Practice, Art. 159, requires that the answer and all pleas and exceptions be in writing. On the authority of Sevey v. Chappuis Co., supra, it becomes our manifest duty to reverse the action of the trial judge in sustaining the oral exception.

However, inasmuch as the lower judge is of the opinion that the suit cannot be maintained by the wife but should be brought by the husband, we believe that it is pertinent for us to consider the correctness of his views respecting this ruling made by him. An examination of the pleadings and evidence in the case discloses that the furniture was taken from the possession of the plaintiff, and that, while the furniture is community property, the suit is in tort for damages sustained by her by reason of the wrongful seizure. Although the plaintiff may not possess a legal title to the property, this fact may not be collaterally attacked by the defendants in suit. See Mrs. Leon Kupperman v. Emery R. Moore and Maurice J. Hartson, Civil Sheriff, 171 So. 104, No. 33923 of the docket of the Supreme Court of Louisiana, decided November 4, 1936, wherein that court, in reversing a judgment rendered by this court (see 166 So. 519), said:

"The attack upon plaintiff's title being purely collateral can not be permitted to prevail in this case."

While the plaintiff here alleges that she is the owner of the property seized, still her cause of action results from the fact that she was in peaceful possession of the furniture and the defendants wrongfully caused her damage by illegally seizing it and thereby deprived her of its use. The question of her title is, in truth, not involved.

Counsel for the defendant Burglass relies upon the case of Mitchell v. Dixie Ice Co., 157 La. 383, 102 So. 497, where it was held that under article 107 of the Code of Practice all actions for damages to community property or business must be prosecuted by the husband in his name as head of the community under article 2404 of the Revised Civil Code. But the holding in that case is without bearing upon the question presented in the case at bar. For here, the plaintiff is suing not for the recovery of the furniture or for damage to it, but for damages sustained by her, as its owner and possessor, by reason of the unlawful acts of the defendants in wrongfully seizing it and depriving her of the use and possession thereof. Under the ruling of the Supreme Court in the Kupperman Case, supra, the defendants may not, in this proceeding, attack her title to the property seized.

Because of the fact that the district judge, during the progress of the trial, erroneously sustained the exception of no cause of action, and thereby precluded the plaintiff from proving her case, it is necessary that the suit be remanded to the lower court for further proceedings.

For the reasons assigned, the judgment appealed from is reversed and it is now ordered that this cause be remanded to the First city court of New Orleans for further proceedings according to law and consistent with the views herein expressed.

Reversed and remanded.